McCALEB, Justice.
 

 Appellant, formerly a detective of the New Orleans Police Department, seeks a reversal of a ruling of the Civil Service Commission of the City of New Orleans, which upheld his removal from office on May 29, 1953, by the Superintendent of Police. The dismissal was founded on four causes, stated in writing by the Superintendent in conformity with law: (1) that appellant had become engaged in the business of selling jewelry, an allegedly unauthorized employment outside of his police duties; (2) that, during June, 1952, he traveled via airplane to New York under an assumed name, subsequently registering and occupying a room in the Hotel New Yorker from June 14th to June 28th under an assumed name; (3) that, during his visit, he shared the hotel room with a woman who was not his wife, but who registered as such under the name assumed by appellant and (4) his admitted association and companionship with this woman, who was a known police character.
 

 
 *785
 
 Appellant admits the verity of all of the charges upon which the action of the Superintendent of Police was based, but he denies that any one of these acts furnishes legal cause for his removal from the police force. His primary contention is that, since the stated acts were committed during the summer of 1952, before Section 15 of Article XIV of the Constitution, LSA, was adopted, this amendment, which embodies civil service in our Constitution, cannot govern these acts. Conceiving that these civil service provisions are penal in nature, he maintains that it would be improper to construe them to be retrospective in opj eration.
 

 The point is without substance. This is not a case in which the dismissal of the employee is grounded on acts committed prior to the time the civil service law was in effect forasmuch as appellant was a classified employee in civil service during 1952 under the provisions of “the City Civil Service Law”, LSA-R.S. 33 :- 2391-2433, formerly Act No. 171 of 1940, which has been in force in the city of New Orleans since 1943.
 

 The amendment adopted by the people in 1952, by which civil service for State •employees and employees of cities having a population of over 250,000 was inserted in •our Constitution as Section 15 of Article XIV, did not repeal or supersede LSA-R.S. 33:2391-2433. On the contrary, that statute and all other civil service laws were continued in force by specific stipulation of the constitutional amendment except insofar as they were in conflict therewith. See Section 15(P) (6) of Article XIV.
 
 [1]
 
 Hence, it matters not that appellant’s acts upon which his dismissal was founded occurred prior to the adoption of the constitutional amendment.
 

 It is also plain that the civil service provisions are not penal as contended by counsel for appellant. Civil service laws are not enacted to penalize anyone. They are designed to eradicate the system of appointment to public office for political considerations and to establish in its place a merit system of fitness and efficiency as the basis of appointment and, to this end, the appointee is given tenure during good behavior. Evidently, this notion of counsel (that the constitutional civil service amendment is penal in nature) emanates from thé faulty premise that appellant had a sort of inalienable property right to his position which could only be divested by the procedure obtaining at the time the right was conferred. But such argument overlooks, of course, the fact that, except for civil service, appellant had no right of tenure whatever and was subject to summary dis
 
 *787
 
 missal. And the legislative authority which created the right can take it away or change, at any time, the procedure by which it may be protected or defended, save as otherwise .curtailed by the civil service provisions of the Constitution.
 

 Counsel also claims that there was no lawful evidence produced against appellant to warrant his dismissal. It is said that, whereas it is true that appellant committed all of the acts specified as grounds for dismissal, his conduct was not such as to 'justify the action taken against him, because they occurred while he was on vacation and, further, because of his uncontroverted testimony that he and his female 'companion did not occupy the bed of the hotel room at the same time.
 

 The answer to this contention is that it involves determination of a question of fact of which this Court has no appellate jurisdiction under the provisions of Section 15(0) (1) of Article XIV of the Constitution. There was unquestionably some evidence before the Civil Service Commission exhibiting that the acts committed by appellant .were prejudicial to the service. We are without authority to examine into the question of the sufficiency thereof.
 

 The ruling of the City Civil Service Commission of New Orleans is therefore affirmed.
 

 FOURNET, C. J., absent.
 

 HAMITER, J., did not participate.
 

 [1]
 

 . It provides: “Ail existing laws relating to the State or City Civil Service System are continued in force insofar as not in conflict herewith, subject to the power of the Legislature to amend or repeal such laws or adopt new laws, provided said amendments or new laws are supplementary and not in conflict herewith”.