HAMITER, Justice.
 

 Salvadore Márchese, formerly a detective in the New Orleans Police Department, prosecutes this appeal from a ruling of the New Orleans Civil Service Commission which affirmed the action of the superintendent of that department in dismissing him.
 

 In the letter of dismissal, dated March 29, 1953 and addressed to appellant, the superintendent stated:
 

 “Results of the recent investigation into your activities by this department disclosed that certain of your actions outline,d below were detrimental to the good name of this
 
 *985
 
 department. Such actions which reflect unfavorably on the morals or discipline of this department are prohibited by rule number 36 of the general rules, which I now quote:
 

 “ ‘Members of the Police Department must be of good character and must conduct themselves so as their conduct will not reflect upon the morals or discipline of the Department.5
 

 “Your acts are:
 

 “Specifically that in June, 1952, by your own admission you travelled to New York by train sharing accommodations with a female as, but not, your wife.
 

 “Further, that while in New York you did register at a hotel in that city with your female companion as Mr. and Mrs. Wilson.
 

 “Such conduct can not be condoned nor permitted and I am dismissing you from this department as of this date.55
 

 Appellant does not deny his having committed the acts thus enumerated. At the hearing before the Commission, in fact, he admitted the correctness of the charges contained in the letter. In this court he complains, to quote from the brief of his counsel, as follows:
 

 “1. The appeal of a member of the New Orleans Police Department from an order dismissing him from his job for a matter that occurred in June, 1952, could not be heard by a commission appointed under a constitutional amendment [to Article 14, Section 15] that became effective December, 1952, without a savings clause in the amendment.
 

 “2. Article 14, Section 15, as amended, La.Const. of 1921, is unconstitutional as being contradictory to Article 7, Section 10, ibid.
 

 “3. Due process of law is a fundamental concept of justice which the provisions of Article 14, Section 15, as amended, supra, offend.
 

 “4. Article 14, Section 15, as amended, supra, is penal in nature, and as applied to appellant ‘ex post facto5 and unconstitutional.
 

 “5. The conclusions of law drawn by the City Civil [Service] Commission who heard appellant’s appeal were not justified by the facts.” (Brackets ours.)
 

 Contentions identical with those made in complaints Numbers 1 and 4 were advanced in Gervais v. New Orleans Police Department, 226 La. 782, 77 So.2d 393. In the opinion of that case we discussed such contentions at length and held them to be without substance.
 

 In complaints Numbers 2, 3 and 4 the constitutionality of the present civil service law appears to be challenged. But the constitutional questions are raised for
 
 *987
 
 the -first'time’by appellant in this-court, ’ and-then only-by means of argument in his • brief and orally. Under these circumstances we must decline to consider and determine them. See State v. Great Atlantic, & Pacific Tea Company, 190 La, 925, 183 So. 219; . Mouledoux v. Maestri, 197 La. 525, 2 So.2d 11; Southern Enterprises, Inc., v. Foster, 203 La. 133, 13 So.2d 491; Womack v. Varnado, 204 La. 1019, 16 So.2d 825, Town of Abbeville v. Police Jury of Vermilion Parish, 207 La. 779, 22 So.2d 62.
 

 Appellant’s final complaint is that the conclusions of the City Civil Service Commission were not justified by the facts. The plaintiff in the Gervais case, supra, who was dismissed from the New Orleans Police Department for reasons substantially like those assigned for appellant’s dismissal, offered a similar contention. In rejecting it we said: “The answer to this contention is that it involves determination of a question of fact of which this Court has no appellate jurisdiction under the provisions of Section 15(0) (1) of Article XIV of the Constitution. There was unquestionably some evidence before the Civil Service Commission exhibiting that the acts committed by appellant were prejudicial to the service. We are without authority to examine into the question of the sufficiency thereof.” [77 So.2d 395.]
 

 For the reasons assigned the ruling of the City Civil Service Commission of New Orleans is affirmed.