79 So.2d 857

George J. DOMAS, Sr.

v.

**DIVISION OF EMPLOYMENT SECURITY OF DEPARTMENT OF LABOR.**

No. 41558.

Feb. 14, 1955.

Rehearing Denied March 21, 1955.

De Blieux & McKinnis, Baton Rouge, Robert J. Adams, Lafayette, for appellant.

Lewis D. Dunbar, W. D. Atkins, John W. Read, Richard B. Montgomery, Jr., New Orleans, for appellee.

SIMON, Justice.

George J. Domas, Sr., who was an employee of the Louisiana Division of Employment Security of the Department of Labor from October, 1936, until his dismissal on June 24, 1953, availing himself of the provisions of Article 14, Section 15 of the Louisiana Constitution of 1921, as

amended, LSA,[1] and the rules of this Court,[2] appeals from the Civil Service Commission's ruling sustaining, on appeal, the action of the Administrator of the Division of Employment Security in dismissing him for the assigned reason that, during the month of June, 1950, he had "submitted a false and fraudulent claim for travel expenses during the period from May 26th to June 7th, 1950."

Although the offense charged is alleged to have been committed during the period afore-stated, it was not until June 24, 1953, that appellant received written notice of his dismissal from his position as Assistant to the Administrator of Division of Employment Security effective at the close of business on that same day. In the notice it is stated that his dismissal was based upon his sworn statement of June 12, 1953, apprising the Administrator of the circumstances under which he signed the false and fraudulent claim for travel expenses, as well as other evidence available to the Administrator of that department.

Upon receipt of notice of dismissal, appellant filed an appeal with the State Civil Service Commission requesting a hearing and review of his dismissal. In this application his sole complaint is that he was dismissed for insufficient cause.

The Commission held a hearing on July 9, 1953, and on August 10, 1953, rendered a unanimous decision, concluding that appellant's dismissal was made in good faith and for a just cause constituting a substantial act directly affecting the public interest.

Upon a denial of application for a rehearing, an appeal was lodged here.

The facts leading up to the letter of dismissal and appeal, as found by the State Civil Service Commission, may be thusly stated:

"In May, 1950, Marvin E. Thames, then Administrator of the Division, notified Domas, his subordinate, that the latter would be sent to a convention in Long Beach, California, at the expense of and as one of the agency representatives. An advance of $250.00 for expenses was authorized by Thames and received by Domas. He left for the convention on May 26, 1950, and returned June 8, 1950. He submitted an itemized statement of his expenses

1. Section 15(O) (1): "There is vested in the State Civil Service Commission and in the appropriate Civil Service Commissions for the several cities respectively the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases. The decision of the appropriate Civil Service Commission shall be final on the facts, but an appeal shall be granted to the Supreme Court of Louisiana on any question of law if application to the Commission is made within thirty (30) days after the Commission's decision becomes final. The Supreme Court shall promulgate rules of procedure to be followed in the taking and lodging of such appeals."

2. Rule XXII, Revised Rules of the Supreme Court of Louisiana, effective January 1, 1952, limiting the appeal to a review of questions of law.

amounting to $196.78, which was approved by Thames. Several days later Domas was called into Thames' office and asked to sign a pre-typed travel expense report for $199.14 (corrected to $199.89) for a trip to Dallas, Texas, from May 24, to June 5, 1950. Domas had made no such trip and was confused by his superior's request. The details of this report differed materially from Domas' original expense report, and he so advised his superior. The latter explained that he had taken the matter up with the Regional Office and had been told that such was the proper method for handling the expense account for the California trip, and that Domas could not be reimbursed in any other way. Relying on his superior, Domas signed the false report certifying that the travel shown thereon was on official business; that the information was true and correct; and that the full amount was justly due. Thereupon, Domas received, and later cashed, a travel expense voucher for $199.89, bearing even date, with the typewritten report (June 28, 1950). On the same date, or thereabout, Domas returned $50.11 (the difference between $250.00 and $199.89), and later, on February 12, 1951, he returned $3.11 (the difference between $199.-89, the corrected total on the Dallas report, and $196.78 originally submitted as the amount of his actual expense). Some

months later Domas asked, and was permitted to resubmit his original expense report and withdraw the second incorrect report. * * * There is no doubt that Domas was deceived into believing that his name would be included on the list and that he would be reimbursed for his actual expenses. There is equally no doubt that Domas signed the typed expense report for a conference at Dallas, Texas, knowing that he had made no such trip and that the report was false as to the dates, points of travel and items of expense."

At the time of the alleged offense, which constituted the ground or basis for his dismissal, appellant was a classified employee under the Louisiana Merit System.[3] Under the provisions of Article 14, Section 15 (Civil Service Amendment of the Louisiana Constitution), appellant acquired status in the Civil Service system.

Appellant assigns nine errors in the Commission's ruling, which we shall condense in substance to five complaints which are, that: (1) his dismissal is procedurally defective in that the Administrator who ordered his dismissal did not comply with the provisions of Section 2 of Rule XII of the Commission;[4] (2) the Commission ruled that its power was "limited to the determination of the legality of the removal. (And that) it had no right to substitute its

3. Act 13, Extra Session of 1948, now R.S. 42:721 et seq.

4. "In every case of removal * * * the appointing authority * * * shall fur-

nish the employee and the Director in advance of such action a statement in writing giving explicit and detailed reasons therefor * * *."

judgment for that of the employing agency" (Administrator); (3) the cause complained of was committed prior to the adoption of Section 15 of Article 14 of the Constitution and prior to the time he acquired Civil Service status with the approval and under the orders of a previous appointing authority and, therefore, it was not subject to inquiry or review by the present appointing authority, which if permitted would make the application of the present Civil Service rules retroactive; (4) the cause assigned is not a legal cause for dismissal, having occurred more than one year prior to date of dismissal; and (5) his dismissal was not legal or justifiable under the circumstances affecting and influencing his conduct, which is, for all practical purposes, a reiteration of the error assigned as No. 3.

▇ Under his first complaint, that his dismissal was procedurally defective, we find that at no time, other than his notice to the Commission of his appeal and in his briefs submitted to us, did the appellant invoke a non-compliance with any applicable Civil Service rule of procedure to support his contention of the illegality of his dismissal. Nowhere in his application for rehearing did appellant urge or contend that any procedural rule was not complied with, nor is there any evidence in the record presented by the appellant showing a non-observance of procedural rules in effecting his dismissal. The record fails to show that the appellant presented that defense before the State Civil Service Commission, the merits of which could have been determined by that body.

Counsel for appellant seek to have the judgment rendered in the consolidated cases of Boucher v. Division of Employment Security of the Department of Labor, cited in 226 La. 227, 75 So.2d 343, control the issues here.

The Boucher case, supra, is easily distinguishable from the instant case. In that case the non-compliance with prescribed procedure was urged before the Commission at its hearing, evidence adduced and the fact of non-compliance with procedural rules established by competent proof. In the instant case no such complaint was urged, and no evidence was presented before the Commission by appellant, who is charged with the burden of proving all facts to sustain his alleged illegal dismissal.[5] The right of appeal to this court is restricted to questions of law alone.[6]

▇ In answer to the contention contained in the second assignment of error wherein it is complained that the Commission restricted its power by declaring in its written conclusions of law that it was limited to the determination of the legality of appellant's removal with no right of substituting its judgment for that of the ad-

5. Louisiana Constitution of 1921, Article 14, Section 15(N) (1) (a): "The burden of proof on appeal, as to the facts, shall be on the employee."

6. See Note 1, supra.

ministrative officer, we find this complaint untenable. Notwithstanding that the conclusions of law reached by the Commission states the language above set out, we find this statement is qualified wherein the Commission represented that it would not exercise that right whenever the Administrator acted *in good faith and with cause,* and that "by 'cause' is meant legal cause relating to and affecting the administration of an office or the duties of a position and * * * restricted to some act of a substantial nature directly affecting the public interest."

It must be conceded that the Commission enjoys broad powers under Section 15(O) (3); [7] and, accordingly, the Commission, after hearing the factual proof offered by appellant as to the illegality of his dismissal, found that the facts did not controvert the essence of a cause for dismissal and, in exercising its power, refused to order appellant reinstated as an employee. And this "'court will not disturb the order or decision on its merits, or interfere with the exercise of the discretion vested in the officer, board, or commission, unless the action of the board or commission was arbitrary. * * * the burden of proving arbitrary action in the discharge of the employee is on the employee.' " [8]

Counsel has cited no authority to support his contention, contained in the third error assigned, that the offense was committed prior to the adoption of the Civil Service Amendment while Domas was employed under the rules and regulations of the Louisiana Merit System, then existing, and which therefore precluded the right of the Commission to review the cause of his dismissal. We find no merit in this contention.

As previously observed, under the Constitutional Amendment,[9] all persons previously employed under the rules and regulations of the Louisiana Merit System acquired Civil Service status.[10] This Amendment did not repeal or supercede

7. "If any Commission after any hearing orders a dismissed or suspended employee reinstated, it may reinstate such employee under such conditions as it deems proper * * *."

8. Konen v. New Orleans · Police Department, 226 La. 739, 77 So.2d 24, 28.

9. Louisiana Constitution of 1921, Article 14, Section 15.

10. Louisiana Constitution of 1921, Article 14, Section 15(S) (2): "When the State Civil Service Commission succeeds and replaces the Louisiana Merit System Council the Merit System status acquired by the employees of the State agencies under the jurisdiction of the Louisiana Merit System Council shall be recognized and continued, and such employees shall acquire civil service status comparable to that acquired by them under the Louisiana Merit System Law and Rules; the eligible registers established by the Merit System Director shall, in conformity with the provisions of the Merit System rules, be recognized and continued; the Merit System rules and Classification and pay plan shall likewise be recognized and continued until the State Civil Service Commission adopts new rules and a new classification and pay plan for all State agencies; * * *."

the Louisiana Merit System. On the contrary, that statute, its rules and regulations, was continued [11] in force by specific stipulation [12] of the Constitutional Amendment insofar as those rules and regulations were not in conflict therewith.

■■ We are unable to conceive that the Constitutional Amendment conferred immunity against investigation of or censorship for offenses committed prior to its adoption. Inasmuch as appellant was a classified employee under the Louisiana Merit System in force on the date of the commission of the offense charged against him, the rules and regulations of the said Louisiana Merit System having been fully embodied and continued in force by specific stipulation of the Constitutional Amendment (see Note (11)), exclusive right was vested in the Commission to hear and determine the merits of appellant's dismissal.[13]

In the Konen case, supra (see Note 8) we said:

"* * * it is a rule of law universally obtaining that 'In the absence of specific provision to the contrary, the power of removal from office is incident to the power of appointment.' Keim v. United States, 177 U.S. 290,

293, 20 S.Ct. 574, 575, 44 L.Ed. 774, 776. See, also, 37 Am.Jur., Verbo Municipal Corporations, Sec. 240, p. 869; 62 C.J.S., [Verbo] Municipal Corporations, §§ 734, 735, pp. 1508, 1509. And, as pointed out in the case of Ricks v. Department of State Civil Service, 200 La. 341, 8 So.2d 49, 'The privilege of holding public office is not guaranteed by the Constitution as an inalienable right. On the contrary, the privilege is conferred only upon such terms and conditions, as the people, speaking through their chosen representatives, might determine.' 200 La. at page 363, 8 So.2d [49] at page 56. * * *"

We find no merit in appellant's contentions in the fourth assignment of error in which he urges that the alleged cause of his dismissal having occurred more than one year prior to his dismissal is null and void ab initio, which in effect is an attempt on the part of appellant to write into the Constitutional Amendment and make applicable to his cause a prescriptive period of one year.

■ Article 14, Section 15(O) (4) specifically sets forth the time during which

---

11. Louisiana Constitution of 1921, Article 14, Section 15(P) (6): "All existing laws relating to the State or City Civil Service System are continued in force insofar as not in conflict herewith, subject to the power of the Legislature to amend or repeal such laws or adopt new laws, provided said amendments or new laws are supplementary and not in conflict herewith.

12. See Note (10), supra.

13. Note (1), supra.

investigative action can be taken, and is as follows:

"The State and each City Civil Service Commission may, at any time, upon its own initiative, investigate any violation by any person of the provisions of this Section, and shall upon the filing of written charges by any person of such a violation within one year after the alleged violation, investigate such charges. * * *"

It would be incredulous to conclude that this section contemplated, or even intended to place, a limitation as to time on the right of the employer to investigate acts of and to dismiss offending employees for just and legal cause. The above quoted section does establish a one-year prescription period, but it clearly applies only to investigations and actions brought before the Commission by persons other than the employer. It can be clearly seen that the limitation therein stated is not upon a discharge made by the employing agency, but a discharge required to be made by the employer on the findings of the Commission. This section provides that when such a charge is filed in writing by persons other than the employer and filed within one year from the alleged violation, the Civil Service Commission must investigate, hear and determine the merits of such charges. It does not limit the investigative action of the Civil Service Commission to a period within one year, but specifically states that the: " * * * Commission may, at any time, upon its own initiative, investigate any violation * * *."

▆▆▆ Answering the contention presented under the fifth assignment of error that cause for his dismissal was illegal and not justifiable under the circumstances in which, at the time, he found himself, we conclude that this involves purely the reasonableness of the cause based upon the final and conclusive findings of fact by the Commission, the correctness of which cannot be inquired into by the courts (See Note 1).

In the Konen case, supra, we said:

" * * * While it is true that under our civil service system now in force, persons who have acquired civil service status are protected from discrimination and/or disciplinary action which is arbitrary or is based on political or religious reasons [Footnote 5: La. Const. of 1921, Art. 14, Secs. 15(A) (1), 15(N) (2).] the same provision of the Constitution authorizes dismissal 'for cause,' [Footnote 6: La.Const. of 1921, Art. 14, Secs. 15(A) (1) and 15(N) (1).] and sets up a Commission to which application may be made when an employee is aggrieved—said commission being vested with 'the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases.' [Footnote 7: La.Const. of 1921, Art. 14, Secs. 15(C)

and (D); Sec. 15(O) (1).] The right of appeal to this Court is restricted to questions of law alone, [Footnote 8: See Note 1, supra.] * * * Hearings of this kind are usually final, and the Court will not interfere with the bona fide judgment of the Commission. State ex rel. Bourgeois v. Board of Sup'rs of La. State University, 205 La. 177, 17 So.2d 25; State ex rel. Rathe v. Jefferson Parish School Board, on Rehearing, 206 La. 317, at pages 362–363, 19 So.2d 153."

The ruling of the State Civil Service Commission is therefore affirmed.