82 So.2d 689

**Hamilton C. JAIS**

**v.**

**DEPARTMENT OF FINANCE OF CITY OF NEW ORLEANS.**

No. 42258.

June 30, 1955.

Rehearing Denied Oct. 4, 1955.

Alex W. Swords, New Orleans, for appellant.

Henry B. Curtis, City Atty., Beuker F. Amann, Asst. City Atty., New Orleans, for defendant-appellee.

HAMITER, Justice.

The employment of Hamilton C. Jais with the City of New Orleans, as Supervisor of the Parking Meter Unit in the Department of Finance, was terminated by written notice on October 25, 1954. In such position, for several days prior to that date, he had engaged in making collection of funds from various New Orleans parking meters. The notice of dismissal, addressed to him by the Director of Finance, contained the following statement: "This action is based on reports made to me to the effect that you were observed taking the contents of Parking Meter containers and placing the same in your own pockets rather than in the Collection Cart, according to established procedure."

Upon his dismissal Jais appealed to the New Orleans Civil Service Commission for the purpose of obtaining reinstatement. But that body, after a full and complete hearing, denied the relief sought. An appeal to this court followed.

Relating to cities having a population in excess of 250,000, and applicable to this cause, are certain provisions of Article 14, Section 15 of the Louisiana Constitution, LSA. Thus, paragraph (N) (1) thereof recites: "No person in the * * * Classified Service, having acquired permanent Civil Service status, shall be demoted, *dismissed,* or discriminated against, *except for cause,* expressed in writing by the appointing authority. (a) The burden of proof on appeal, as to the facts, shall be on the employee." And paragraph (O) (1) recites:

"There is vested in * * * the appropriate Civil Service Commissions * * * the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases. The decision of the appropriate Civil Service Commission *shall be final on the facts,* but an appeal shall be granted to the Supreme Court of Louisiana *on any question of law * * *.*" (Italics ours.)

■ Also applicable here are pronouncements of this court in recent cases to the effect that a ruling by the New Orleans Civil Service Commission which upheld the dismissal of an employee would not be disturbed where there was some evidence before such body "exhibiting that the acts committed by appellant were prejudicial to the service"; and that we "are without authority to examine into the question of the sufficiency thereof." See Gervais v. New Orleans Police Department, 226 La. 782, 77 So.2d 393, 395 and Marchese v. New Orleans Police Department, 226 La. 982, 77 So.2d 742.

In its written reasons for denying relief to this appellant the Commission stated in part:

"The only matter before this Commission is whether or not the appointing authority acted without cause, arbitrarily or for political motives in dismissing Jais. It is not the function of this Commission to decide whether or not Jais appropriated any of the

funds from the parking meters, and no decision will be made on that point.

\*     \*     \*     \*     \*     \*

"Findings of Fact

"(1) Hamilton C. Jais, Supervisor of the City's Parking Meter Unit, was seen by at least three witnesses apparently removing coins from the various parking meters in an irregular manner, namely, removing the cylinder from the meter, tilting it with one hand into his other hand prior to placing the contents into the coin boxes, instead of conveying the cylinder directly from the meter into the coin boxes as was the normal procedure.

"(2) In so doing, Jais deviated from the normal and accepted method of collecting funds from the City's parking meters.

"(3) At the time that he was confronted by the detectives with their suspicions on or about October 21st, Jais had approximately $3.00 in change in his pockets, consisting of nickels, with the exception of one or two pennies and a dime.

"(4) There is no evidence or suggestion that the discharge was discriminatory or for political motives.

"Conclusions of Law

"(1) In view of the investigation initiated by the appointing authority and the result thereof, and the testimony of Engineer Coffey and Detectives Mills and Chetta, the action of the appointing authority in discharging Jais was predicated upon substantial evidence.

"(2) The action of the appointing authority in dismissing Jais was not arbitrary, capricious or discriminatory or made for political purposes.

"(3) In view of the foregoing, the appellant Jais has not borne the burden of proving that the action of the appointing authority was arbitrary, capricious or discriminatory or made for political purposes."

Appellant's only complaint here is that "the record is devoid of any legal evidence, direct or circumstantial, to support the charge for dismissal." Assuming for the sake of argument that the record does not conclusively show an actual appropriation of the funds in question, our examination of it discloses the eliciting of some evidence tending to substantiate the Commission's conclusion that the conduct of appellant was violative of established procedure regarding collections and prejudicial to the service and, hence, that he was not dismissed without cause. We are unable to hold, therefore, that the Commission committed an error of law.

For the reasons assigned the ruling of the City Civil Service Commission of New Orleans is affirmed.