FOURNET, Chief Justice.
 

 The plaintiff, Arthur T. Jordan, availing himself of the provisions of Article 14, Section 15 of the Louisiana Constitution of 1921, as amended, granting an appeal to this Court on questions of law from decisions of the Civil Service Commissions for the various cities, appeals from the ruling of the Civil Service Commission of the City of New Orleans on his appeal to that body from the action of the Superintendent of Police in fining him the loss of five days’ pay and demoting him from the rank of detective to that of patrolman.
 

 The disciplinary action against appellant followed an investigation conducted by the Chief of Detectives, the results of which were submitted to the Superintendent of Police, covering incidents which occurred shortly after 4 p. m. on Monday, January 30, 1956, on Rampart Street at the corner of Canal Street, when the appellant, off duty and not in uniform, was involved in a scuffle with two other men, as a consequence of which nearby police officers were summoned, he was arrested, taken to the police station and booked “simple drunk,” placed in a cell and there kept until his release that night at about 10:30 p. m. The Superintendent of Police, in advising appellant of the disposition of the case, felt “obliged to concur in the findings by the investigators,” even though mitigating circumstances were found to exist in that the appellant had not been the aggressor, had been struck a severe blow in the face by an unknown person who left the scene, and the description of the two men fitted descriptions of wanted pickpockets; yet the facts were that he was under the influence of liquor and drunk, and because of that condition he was unable to perform the police work he had undertaken
 
 [1]
 
 of arrest
 
 *929
 
 ing the pickpockets, by his actions reflecting discredit on the Department of Police.
 

 Following a hearing the Civil Service Commission found the weight of evidence developed by the appointing authority was to the effect that appellant was in a drunken condition on the afternoon in question, and concluded as a matter of law that the appellant had failed to discharge the statutory burden of proof to establish that the action of the employing authority was arbitrary, unreasonable, or without cause.
 

 Counsel for appellant, contending that the record contains no evidence as a matter of law to support the ruling of the Commission, and that the disciplinary action of the appointing authority was unreasonable, argues that the opinion evidence expressed by the various police officers that Jordan was intoxicated should not be accorded the status of legal evidence because the witnesses first saw the appellant after he had received the brutal blow in the face, a blow so severe that, according to the physician who examined him the following afternoon, brain concussion and contusion resulted— injuries which might produce in a normal sober person reactions similar to intoxication and not easily distinguishable therefrom by a layman.
 

 The above argument, on which appellant has relied from the outset and which was advanced again unsuccessfully on motion for a rehearing before the commission, is without merit here. This Court has repeatedly stated that the ruling of the Commission upholding the dismissal of an employee would not be disturbed where there was some evidence before such body to support its decision, and the appellant himself admits that he had taken two drinks of vodka. This Court is without authority to examine into the question of the weight to be accorded that fact or the sufficiency of the evidence to establish intoxication, our appellate jurisdiction -being limited to questions of law alone. Louisiana Constitution of 1921, Article 14, Section 15(0) (1); Rule XXII, Revised Rules of the Supreme Court of Louisiana; see Konen v. New Orleans Police Department, 226 La. 739, 77 So.2d 24; Gervais v. New Orleans Police Department, 226 La. 782, 77 So.2d 393; Marchese v. New Orleans Police Department, 226 La. 982, 77 So.2d 742; and Jais v. Department of Finance, 228 La. 399, 82 So.2d 689.
 

 For the reasons assigned, the ruling of the Civil Service Commission of the City of New Orleans is affirmed.
 

 [1]
 

 . According to appellant, while awaiting his wife at the bus stop he observed a man behaving in a peculiar manner, suggestive of the movements of a pickpocket; observed another man nearby, who appeared to be an accomplice; and thinking he recognized these men as among “wanted” persons he mingled in the crowd close to the first man in the hope of catching Mm outright. A tug at Ms hip
 
 *929
 
 pocket caused ' him to turn and grab swiftly, when he received a very hard blow in the face, was knocked to the sidewalk, and remembers nothing of the following hours. He later discovered his wallet had been taken.