132 So.2d 909 (1961)
Glen A. COLVIN
v.
DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR of the State of Louisiana.
No. 5233.
Court of Appeal of Louisiana, First Circuit.
June 30, 1961.
Rehearing Denied September 25, 1961.
Certiorari Denied November 6, 1961.
*910 James H. Hynes, Baton Rouge, for appellant.
Marion Weimer, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, JONES, HERGET and LANDRY, JJ.
HERGET, Judge.
This is an appeal from a decision of the Civil Service Commission sustaining the action of the appointing authority in the dismissal of appellant, Glen A. Colvin, a classified employee in the Division of Employment Security, Department of Labor, for submitting a "false and fraudulent claim for travel expenses during the period May 22, 1950June 10, 1950." The dismissal was made after a change of administration in the state government and the dismissing Administrator was not the same person who had caused the false and fraudulent expenses to be filed.
The facts of the case as found by the Civil Service Commission are as follows:
"At the time of his dismissal Colvin had attained permanent Civil Service status as an Employment Interviewer in the Alexandria office of the Division of Employment Security. He had served meritoriously in such office for a period of seventeen and one-half years but had never occupied a top administrative position and was seldom in the central office of the Division located in Baton Rouge, Louisiana. He was under the immediate supervision of the Manager of the Alexandria office and under indirect supervision of the District Director of the agency's Lake Charles District. The appellant had few contacts with the Administrator of the agency and was not familiar with the Administrator's policies and procedures relating to out-of-state travel.
"During the early part of April, 1950, he was informed by officials of the agency that he had been selected as an agency representative to attend a biannual meeting of an employee organization of which he was a member, namely the American Federation of State, County and Municipal Employees, being held in Omaha, Nebraska, the latter part of April. He was further informed that his expenses would be paid by the agency.
"He attended this meeting in Omaha and participated in its business and proceedings. He returned to Louisiana on or about May 1, 1950, and shortly thereafter was instructed by Marvin E. Thames, Administrator of the Division, and A. C. Wilkinson, District Director, *911 to make out a travel statement showing travel to the Regional Office, Dallas, Texas, instead of Omaha, Nebraska. He felt that the method outlined for obtaining reimbursement was irregular and he, at first, decided he would make no claim for travel to Omaha if he had to falsely show a trip to Dallas, Texas, instead of a trip to the meeting in Nebraska. Thames conveyed word to him several times through the District Director that it was necessary for him to file his travel report but the appellant did not do so until June 30, 1950, after he received a long distance telephone call from Thames, insisting that the report be filed immediately. On the same date he made out and mailed to Thames a travel report falsely showing a trip to Dallas, Texas, which is the travel report covering the period 5/22/50 to 6/10/50 referred to in the Administrator's letter of removal. The appellant received reimbursement from the agency for the expenses shown on the travel report amounting to $206.90, approximately the amount he expended. He testified that he had not authorized anyone to restore the amount or any part thereof to the agency. However, when adjusting Colvin's back pay from the date of his faulty dismissal, June 24, 1953, to the date of the present dismissal, October 19, 1954, the Agency deducted $206.90 therefrom, in reimbursement of the unauthorized travel allowance."
Under the above set of facts, the Commission found that the action of the employing authority in dismissing Colvin from his employment on October 29, 1954 was for both a reasonable and legal cause.
Appellant in specifying nine allegations of error in the decision of the Commission essentially contended that the cause of his dismissal was invalid.
The basis of the decision of the Civil Service Commission in dismissing appellant was that he submitted "a false and fraudulent claim for travel expenses."
Upon our examination of the term "fraud" or "fraudulent" we find that two elements are essential to constitute legal fraud, the intention to defraud and loss or damage or a strong probability of loss or damage. Slocomb and others v. Real Estate Bank of Arkansas, 2 Rob. 92. A mere misrepresentation or in this instance, a false or incorrect account, is not synonymous with fraud as used in the legal sense. Buxton et al. v. McKendrick et al., 223 La. 62, 64 So.2d 844.
The necessity for the combination of the two elements is emphasized in L.S.A.-Civil Code article 1847 in defining fraud as applied to contracts as:
"Fraud, as applied to contracts, is the cause of an error bearing on a material part of the contract, created or continued by artifice, with design to obtain some unjust advantages to the one party, or to cause an inconvenience or loss to the other."
The uncontroverted facts present in the record and those findings of fact found by the Commission reveal that appellant had been selected to represent his agency at a meeting in Omaha, Nebraska, and that his travel expenses to attend said meeting would be paid by the agency. When he returned from the trip he filed the questioned account, including therein the actual expenses incurred by him on his trip to Omaha, but at the insistence and order of Marvin E. Thames, the then Administrator of the Division, he represented in the account the fact that the expenses were incurred in connection with a meeting in Dallas rather than in Omaha.
Nowhere in the record is it shown that by the submission of the account did he acquire a profit or monies to which he was not entitled, nor is there any showing that by being reimbursed caused "an inconvenience or loss" to the agency. There is not one *912 iota of evidence in the record to even indicate that at the time he was selected for the trip to Omaha that such expenses incurred by him on said trip were not validly authorized and there is no evidence whatever that he had conspired with the Administrator of the agency to defraud, or that appellant alone intended or by artifice conceived a plan to gain an unjust advantage by the filing of the account. Though it is true that the account so filed, showing a trip to Dallas, Texas, is false in that respect, if the misrepresentation was made without the intention to defraud on the part of appellant and if the error did not gain appellant an advantage to which he was not due, it is evident that neither of the elements of fraud have been satisfied and thus the incorrect account is not fraudulent.
Upon his severance from the Civil Service position the record reveals that there was deducted from his accrued earnings the $206.90 which was the total amount of the items expended by him on his trip to Omaha and itemized in the erroneous account filed representing that the items of expenses covered the trip to Dallas, Texas.
We are of the opinion that upon appellant's reinstatement in his position, upon submission of a corrected travel account itemizing the expenses incurred by him on his trip to Omaha, he would be entitled to reimbursement of the amount of his expenses, which in itself is recognition by us that the questioned account was not fraudulent.
Appellant was dismissed not only for submitting a fraudulent claim but a false one as well. There is no question but that the account filed was untrue in the recitation that the items of expenses therein covered were for a trip to Dallas when in fact appellant had never been to Texas.
It is a mystery to us and one for which no explanation was given to appellant by Thames, the Administrator, as to why or for what reason Thames ordered appellant to represent in the account that the items of expenses were incurred on a trip to Dallas. Needless to say, the one solely responsible for the representation that the items covered an expense to Dallas rather than to Omaha was Thames for it was he who instructed, in fact ordered, appellant to draw up the incorrect account for nebulous reasons that are not ascertainable by a review of the record and for reasons which were never apparent to appellant.
The record reveals that Thames was replaced by J. Hadley Heard who was the Administrator who dismissed appellant and five other employees for submitting false and fraudulent claims.
Without in any way condoning or condemning the other dismissed employees inasmuch as their activities are not before us, and without knowing the motives which prompted Thames' instruction to appellant to falsely represent that the expenses were incurred on a trip to Dallas, Texas, it appears to us that were we confronted with the criminal charge it would be evident that the doctrine of entrapment would be applicable.
Conceivably Thames may have been motivated by a desire to obtain cause for dismissal of appellant. Assume under the findings of fact by the Commission that Thames alone was responsible for the action of appellant in misrepresenting the correct location of the meeting for which the expenses were incurred, to make obvious the question we are called upon to resolve assume that Thames himself after the filing of the questioned account had dismissed appellant, as was done by Heard, would it not then be obvious from the evidence produced on the trial of this case that all of the elements of entrapment were present? The fact that appellant was discharged by a subsequent Administrator does not change the situation. Appellant was finally persuaded into making the incorrect representation in the account by the remark to appellant by Thames that he would certainly not ask appellant to file the incorrect claim if "there were anything wrong with this."
*913 In this respect we take the liberty of quoting from the opinion of Commissioner E. B. Robert who dissented from the majority opinion of the Commission in this case, making these cogent remarks:
"It is utterly inconceivable to me that this Commission is empowered to determine the legality of the cause, yet it is prohibited from considering the circumstances surrounding the conduct of the employee which formed the basis of the disciplinary action.
"In any opinion, a subordinate employee must rely on the representations of his superiors and in this particular case, Colvin was assured both by his immediate supervisors and the administrator that the manner in which the expense report was to be submitted was the correct one. As an added persuasive factor, these immediate supervisors had submitted expense reports similar in form as the one Colvin was directed to submit.
"I can readily conceive that reasonable men may differ as to the propriety of submitting an expense account with incorrect data under these circumstances; however, I cannot condemn a person who does such under the direction of his superiors, particularly when it is a proven fact that the money was actually spent on authorized travel directly associated and in the course of the employee's duties.
"It is difficult to understand how the dismissal of this employee was instrumental in maintaining the standards of effective service although I will readily concede that the removal of those who were solely responsible for the predicament in which this appellant finds himself may accomplish that purpose. Yet it has been represented that the administrator upon whose representations Colvin relied is presently in the public service.
"This is in no manner an attempt to rationalize the conduct of this appellant for it has not been proved to my satisfaction that he conspired to commit or committed fraud which would justify his removal from the State service." * * *
We are in accord that considering the circumstances and accepting the findings of fact of the Commission, appellant's dismissal was without valid cause for the reasons therein stated.
Counsel for the Commission have cited to us the case of Domas v. Division of Employment Security, 227 La. 490, 79 So.2d 857, as being decisive of the issues involved in this case, representing that same presents an identical issue as the one herein involved. Though Domas was one of the five employees dismissed at the same time appellant was discharged, we do not find the Domas decision to be applicable. The Supreme Court in the Domas case affirmed his dismissal for submitting a false and fraudulent expense account for the reason that the account showed a trip to Dallas when in fact he had traveled to California. However, the findings of fact of the Commission, reiterated by the Supreme Court in its opinion in the Domas case, show that when Domas was chosen for the trip for which his expenses were questioned he was advanced $250, before he left. Upon his return he submitted an expense account for $199, the amount of his expenses, for which he was reimbursed. Subsequently he returned $50, to the agency. It is therefore apparent from these findings of fact that Domas received $200, over and above his expenses incurred on the trip to California, so that recalling our definition of fraud supra there was no question but that Domas by artifice gained an unjust advantage and caused a loss to the agency. The account filed in the Domas case was both false and fraudulent and under the circumstances such an attempt to defraud is valid cause for dismissal.
*914 Throughout these proceedings appellant has been grouped with five other employees, including Domas, and it is entirely possible that was the reason his situation was not properly distinguished from Domas'. However, appellant's error was not Domas' offense and is not to be considered in the same light.
We are mindful of the constitutional provisions of the law of Louisiana which restrict appeals from the Civil Service Commission to questions of law and furthermore the findings of fact of the Commission when based on evidence supporting the discharge of an employee for a valid cause are not subject to review by this Court. Villemarette v. Department of Public Safety, Division of State Police, La.App., 129 So.2d 835 and Gremillion v. Department of Highways, La.App., 129 So.2d 805.
For the reasons assigned the judgment appealed from is reversed, annulled and set aside, and judgment is further rendered reinstating appellant in his former position and awarding him judgment in his favor and against the Division of Employment Security for back pay from October 19, 1954.
Reversed.
JONES, Judge (dissenting).
Glen A. Colvin, a classified employee in the Division of Employment Security, Department of Labor, was dismissed by the appointing authority for submitting a "false and fraudulent claim for travel expenses during the period May 22, 1950June 10, 1950". This is an appeal from a decision of the Civil Service Commission sustaining the action of the appointing authority in the dismissal.
The facts of the case as found by the Civil Service Commission are stated in the majority opinion. The Civil Service Commission found as a fact that this appellant filed an expense statement which he knew to be false. The appointing authority recognized that this appellant may have received commitments from the then appointing authority for the reimbursement of funds for which he submitted a false and fraudulent claim and that coercion and intimidation may have been exercised in causing appellant to incur expenses for which he made the claim for reimbursement. However, the appointing authority concluded that a false and fraudulent claim had been submitted by this appellant and the Commission found that the action of the Administrator was reasonable and that legal cause existed for dismissal of the appellant from his position. The fact that the dismissing Administrator was not the same person who had caused the false and fraudulent expenses to be filed is of no consequence.
I fail to see how this case can be distinguished from the case of Domas v. Division of Employment Security of Department of Labor, 227 La. 490, 79 So.2d 857, where the Supreme Court affirmed the dismissal of Domas for submitting a false expense account. I note in the Domas case that the expense account was actually prepared by Domas' superior who told him he should sign it, and the fact that the account showed a trip to Dallas when, in fact, he had traveled to California, was a technicality.
The majority here distinguishes Domas from the instant case on the ground that Domas received $200 over and above his expenses incurred on the trip to California. This finding is based on the fact that, in the facts as found by the State Civil Service Commission and accepted by the Supreme Court in 79 So.2d on page 859 of their opinion, it is stated that,
"In May, 1950, Marvin E. Thames, then Administrator of the Division, notified Domas, his subordinate that the latter would be sent to a convention in Long Beach, California, at the expense of and as one of the Agency representatives. An advance of $250.00 for expenses was authorized by Thames and received by Domas." (Emphasis added.) *915 On Domas' return from California, he received a pre-typed travel expense report for a trip to Dallas, Texas. The expense report was for $199.14, later corrected to $199.89. Domas signed the report,

" * * * [and] received, and later cashed, a travel expense voucher for $199.89, bearing even date, with the typewritten report (June 28, 1950)." (Emphasis added.)
In spite of the language above quoted a careful examination of the original record in the Domas case as reviewed by the writer of this opinion does not reveal any facts that would indicate that Domas received more money than the expenses he incurred in his trip to California. Also there appears to be some discrepancy in the facts found by the Commission and quoted by the Supreme Court as to the amount of money actually received by Domas. On the same day that he received the travel expense voucher for $199.89, he returned $50.11,
"* * * (the difference between $250.00 and $199.89), * * *".
This indicates that Domas actually received only the $250 given to him before the trip, and when the expenses amounted to only $199.89 he returned the difference. If Domas had appropriated more money than he was entitled to for expenses, it seems that he would have been dismissed because of theft, rather than the relatively innocuous misconduct of falsifying an expense account.
The actual reason for the dismissal of Domas appears to lie in the finding of the Commission approved by the Supreme Court that,
"* * * There is no doubt that Domas was deceived into believing that his name would be included on the list and that he would be reimbursed for his actual expenses. There is equally no doubt that Domas signed the typed expense report for a conference at Dallas, Texas, knowing that he had made no such trip and that the report was false as to the dates, points of travel and items of expense."
From this language the only conclusion obtainable is that even if Domas did actually receive more money than he was entitled to, such fact was not the reason for his dismissal being upheld by the Civil Service Commission and the Supreme Court. The real basis for the decision was the fact that he signed a travel expense report that was false.
I am of the opinion that the Domas decision is binding on us irrespective of the fact that this appellant would not file the false expense account until after insistence from his superior for over a period of two months and perhaps after coercion and intimidation had been used by the appointing authority as found by the Commission. This appellant, as did Domas, relied upon the assurances of the Administrator that it was proper for him to have filed an expense account as though he had been to Dallas, Texas, even though he had made no such trip. The fact Domas held a higher rank in the classified service cannot possibly distinguish his case from the case of this appellant. After all, each of them knew he was doing something which was wrong and even though appellant herein held out for a longer period of time before filing the fraudulent expense account, he ultimately did so and this constituted legal and reasonable cause for his dismissal from the service by the appointing authority.
For the above reasons I must respectfully dissent.
ELLIS, Judge (concurring in majority opinion and in refusal to grant a rehearing herein).
I heartily concur in the original opinion of this court which reversed the decision of the Civil Service Commission of the State of Louisiana and reinstated plaintiff-appellant, and also in refusing to grant a rehearing herein. I wish briefly to state my *916 reasons for concurring as I feel strongly, as I know every other member of this bench felt who heard this case argued and studied the record, including our late, beloved and distinguished brother who dissented herein, that based strictly upon the undisputed facts that the decision of the Civil Service Commission was not only manifestly but absolutely wrong. However, the basis of the dissenting opinion, as well as the position of the appellee, is that this Court is without authority to examine the weight and sufficiency of the evidence where there is some evidence to support the finding of the Commission, citing Konen v. New Orleans Police Department, 226 La. 739, 77 So.2d 24; Jordan v. New Orleans Police Department, 232 La. 926, 95 So.2d 607; King v. Department of Public Safety of the State of Louisiana, 236 La. 602, 108 So.2d 524; Domas v. Division of Employment Sec. of Dept. of Labor, 227 La. 490, 79 So.2d 857; Boucher v. Division of Employment Security, 226 La. 227, 75 So. 2d 343 and Anderson v. Division of Employment Sec. of Dept. of Labor, 233 La. 694, 98 So.2d 155.
While there is no doubt that the cases hold exactly what is argued, I cannot believe that they are factually the same as in the case at bar. In the cases cited there was "some" evidence which stood undisputed and unchallenged to the extent of the complete destruction of that "some" evidence by other evidence in the case. In the case at bar the appellant was charged with filing a fraudulent and false expense account. As shown in the majority opinion, there is nothing fraudulent about the account whatsoever. There was no intent to defraud nor is it disputed that as to the amount it was correct in every detail. There were two false words on this account, viz, "Dallas, Texas".
The undisputed facts show further that although the appellant was constantly directed and harrassed by his supervisor at the instruction and direction of Marvin Thames, Administrator of the Department, to send in this expense account showing Dallas, Texas rather than Omaha, Nebraska that he resisted until the night of June 30th when he received a telephone call from the Administrator personally, recalling the fact that he had constantly sent him word to file this account and place Dallas, Texas rather than Omaha, Nebraska on the account, which had been ignored, or that appellant had failed to do and that he meant for him to file the account and get it in the mail that night as the fiscal year was ending. Then, although this employee, who had been with the Department for seventeen and one-half years and held a minor position, again protested and the Administrator told him "Well, if it will ease your conscience" or words to that effect to put on the account "as directed". These facts were stated in argument and were undisputed.
The treatment which this appellant received from the head of the Department, which was the Administrator, Marvin Thames, amounted to threats and intimidations. It is argued that no one testified that Thames actually told this unimportant employee that he would lose his position. This may be true, but the effect was the same and we can all imagine or know what would have happened to this appellant had he refused the final order and request of the Administrator. It would have been very easy to find some other means to accomplish the same result that was reached in this case had appellant refused to obey the orders.
It must be remembered that the appellant in this case was not in communication or constant touch with the main office in Baton Rouge. He held a minor position and had received one unimportant advance in seventeen and one-half years. He was a bachelor and lived with his mother and father and supported them. One can well imagine his anxiety at the mere thought of losing this position and his security. That is exactly what would have happened had he refused, and he well knew it.
*917 In reality and actuality the then Administrator was responsible for the placing of those two false words on this report. The appellant's act in writing "Dallas, Texas" may be likened to the bank teller who hands over the cash at the point of a gun. The latter does so because he believes that he might lose his life if he refuses, whereas, appellant believed or had every reason to believe that he would lose his position and the security for himself and his loved ones if he did not do as he was ordered by the Administrator.
Under these facts I cannot believe that the appellant was responsible for filing a false account when he placed the two words "Dallas, Texas" on this account. The rule that if there is "some or any evidence" does not apply in this case for appellant did not file a fraudulent or false account under the facts of this case in the sense necessary to constitute a cause for dismissal. Appellant acted only under duress, threats and intimidations from the Administrator and justice demands that he be protected by the Courts.
The only evidence produced before the Commission in support of the charge of having filed a false expense account by placing Dallas, Texas as his destination rather than Omaha, Nebraska was completely destroyed by positive proof of coercion amounting to duress, threats and intimidations on the part of the Administrator as being completely responsible for appellant filing the expense account at all and especially having designated Dallas, Texas as the destination.
Much is made of the Domas case, supra, and it is argued that there should be no distinction between the high and the low. In the first place, it is stated in argument that the junket to California was made in order to "politic" for someone at the convention, and there is no doubt but that Thames and Domas and those who went to California knew beforehand that they would receive no expenses for the trip, and that in an effort to get around this bad feature, pay the money out of their own pockets, they advised with the Federal Department in Dallas and worked out the plan or scheme to substitute Dallas as the destination on the expense account for which they could have collected expenses. Domas was second in command, or Assistant Administrator. There is no question but that the California trip was discussed amongst the superiors in the Division and its purpose. It is difficult to believe that Domas, in his high position did not have the confidence of the Administrator to such an extent that he knew all about the California trip and the expense account.
If the facts in the Domas case were the same as in the case at bar the decision in the former does not show it. In my opinion, under the admitted and undisputed facts of this case, right and justice demand that the judgment of the Commission be reversed, which has been done, and that a rehearing herein be refused.