REID, Judge.
This is an appeal from a ruling of the Louisiana Civil Service Commission upholding the action of the Louisiana Correctional Institution, the appointing authority in terminating the employment of Nathan C. Knight, Jr. The Louisiana Correctional Institution will hereafter be designated as the appointing authority terminating the services of Nathan C. Knight, Jr., hereafter designated as the employee, by letter dated August 28, 1959. The order of removal is based upon the ¿negations that the employee substantially falsified his application as to his education and prior employment. The charge is that he claimed to have attended Northwestern State College, formerly Louisiana State Normal, from 1936 through 1938 and received 46 hour credits, with a major in Dairying and Agriculture and a minor in Biology. He further stated in his application that he had completed a course on Artificial Insemination in 1941 at College of the Pacific, Stockton, California and that he took a complete correspondence course in Farm Business Management at the University of Iowa.
He further stated that he had worked as a field man for the Borden Company in Lake Charles, Louisiana on two occasions, one from June, 1945 to October, 1946 and the other from 1935 to 1940.
The letter of discharge further states that they have received a transcript of his record from Northwestern State College showing that he matriculated on September 12, 1938 and completed only the first semester, for which he received 5]/z semester hours credit.
The letter of removal further states that the appointing authority had received information from both Iowa State University and College of Pacific to the effect that the employee had never attended either institution nor taken any type of course from them.
In addition the appointing authority charged that it had received information from the Borden Company that he was only *486 employed from May, 1939 through June, 1939 as a laborer in the Lake Charles plant.
The employee attempted to explain his application in regards to the attendance at Northwestern State College by admitting that the application was in error. He states that his relationship with the Borden Company was one of contract and not of employment. He further testified that he attended Northwestern State College on two different times, once for a half a year and then later he went back and stayed about a week and then came home. The records of the college show that he attended during the fall semester of 1938 and completed the equivalent of Si/S hours credit and that this was his total attendance and educational training at that college.
The employee admits that he did not attend the College of Pacific or Iowa State University but that he worked under a Mr. Gantt, Dairy Extension Supervisor at Hawaii University, while he was in the Navy stationed in the Pacific.
With reference to the specialized course indicated in his application in Farm Business Management, which he is supposed to have taken by correspondence from the University of Iowa, he stated that there was a boy from Iowa, who was taking the course and that he helped him with it and took it along with him. He was not registered at either one of these schools.
With reference to the employment with the Borden Company as a field man, he claimed that he went out and secured business for Borden and hauled the dairymen’s milk to Borden and that Borden paid him. However, he admitted that while Borden paid him, the money was charged to the farmers and taken from their checks. Borden never considered him in an executive capacity and other than the one time he worked as a laborer he worked on a contractual basis as an ordinary milk hauler.
The Civil Service Commission found as a fact that appellant’s application for employment was dated September 7, 1958 and contains the statements set forth in the letter of dismissal. It further found that he only attended Northwestern State College, then State Normal College, for the fall semester of 1938 and completed the equivalent of 5i4 semester hours credit. It further found that appellant had never enrolled in, or attended Iowa State University or College of Pacific.
It further found in regards to his employment with the Borden Company that he worked two months in 1939 as a laborer and that his only other association with the company was as an independent supplier of milk, which he purchased from producers and resold to the dairy.
The appellant testified that he and Mr. Cormier, the superintendent of the appointing authority, did not get along and there was some bad feelings between them. The Civil Service Commission found that there was no evidence produced to show that appellant’s removal was motivated by political or religious reasons or for any reason that did not appear in the notice dated August 28, 1959.
There is no doubt that appellant’s eligibility for classification under Civil Service depended solely upon his education and experience and he did not take a written examination.
Appellant in his testimony and in the argument of his counsel stresses the fact that the allegations that were misrepresented in his application were mere oversights or errors caused by hazy recollections.
The Civil Service Commission found that these misrepresentations or falsifying in the application were of such a substantial nature that they could not be discounted, particularly in view of the fact that appellant’s grade and rank hinged solely on his educational training and employment experience.
The findings of fact by the Civil Service Commission where supported by *487 any evidence is binding upon this court and cannot be disputed. We see no error in the findings and ruling of the Civil Service Commission and the same is affirmed.
Affirmed.