RENÉ H. HIMEL, Judge ad hoc.
This is an appeal from a ruling of the Civil Service Commission dismissing plaintiff from the police department.
The reason for his dismissal was given to him by the superintendent of Police stating the report about his mental condition and “to declare you unfit for the police service.’*
Appellant assigns two errors:
(1) The decision of the Civil Service Commission is arbitrary and capricious as there is no evidence in the record showing that appellant was unable or unwilling to perform the duties of his position.
(2) Appellant was discharged for a cause not provided by law or civil service regulations.
He relies upon: Brickman v. New Orleans Aviation Board, 236 La. 143, 107 So.2d 422 and Daniels v. New Orleans Police Dept. etc., 236 La. 332, 107 So.2d 659.
The Brickman case was reviewed in Cunningham v. Caddo-Shreveport, App.1962, 141 So.2d 142. The findings of the Commission were not supported by any evidence. The mere fact that a civil employee has disagreements with fellow workers, is unpleasant to work with, experiences difficulty in adjusting to change, lacks adaptability and demonstrates inability to work with others is not sufficient cause for removal.
In the Daniels case, the ruling was upheld.
Appellant was given a full hearing by the Commission. He was represented by able counsel, who made the same argument there as here. His contention is that the testimony does not show that appellant was at the time of his dismissal unable to perform his duties. The doctors who testified that appellant suffers from schizophrenia with paranoid tendencies and ideas of persecution, and is unable to perform satisfactorily all duties required of him, admitted that he is in a state of remission. But the record shows that it cannot be predicted when an attack will happen or what will occur when it does, and that stress and strain to which he may be subjected makes it difficult for the mental balance to be maintained.
Civil Service provisions are designed to eradicate the system of appointments for political considerations and to establish in its place a merit system of fitness and efficiency as the basis of appointment, and, to this end, the appointee is given tenure during good behavior and fitness and efficiency. La.Constitution, Art. XIV, Section XV(N) (1), LSA La. Constitution, Art. XIV, Section XV(O) (1), LSA. LSA-R.S. 33:2423 et seq.
The law is that the decision of the Commission shall be final on the facts.
This Court cannot examine into the question of the sufficiency of the evidence forming the basis of appellant’s dismissal.
The action of the Commission will not be disturbed unless it appears to have been arbitrary and capricious. If there is any evidence at all from which a conclusion could be drawn that the employee’s conduct is prejudicial to the service the ruling will not be disturbed.
“There is evidence in the record to sustain the ruling appealed from.
“So long as there is any evidence in the record to support the findings of the Commission we are without jurisdiction to determine the sufficiency of the evidence or. the reasonableness of the cause.
“There is a real and substantial relation between the assigned cause for dismissal and the qualifications for the position; hence, the sufficiency of the cause assigned is a question of fact which the commission has the exclusive right to determine.” *454 (This is particularly applicable to the case at bar.) King v. Dept. of Public Safety, 1959, 236 La. 602, 108 So.2d 524, 527. Jais v. Dept. of Finance, 1955, 228 La. 399, 82 So.2d 689.
The merit system protects the employee during his fitness and efficiency. Inefficiency “may also arise from lack of judgment and discretion or from a serious physical or mental defect not present at the time of election * * * and the defect under which' the officer is laboring must be one that has made him unfit or unable to continue to hold the office since the time he has assumed the discharge of his duties.” 67 C.J.S. Officers, § 60d(5), page 253, citing State ex rel. Debellevue, v. Ledoux, La.App., 3 So.2d 188.
In Burton v. Dept. of Highways, 1961, App., writ denied Feb. 6, 1962, 135 So.2d 588, plaintiff sustained a left inguinal hernia from an accident. Fie was temporarily replaced, pending his recovery. The Commission sustained his dismissal. The Court held that he had not been given sufficient time to recover, that the substitute was performing the duties satisfactorily and that, therefore, “where there is factual evidence we may not substitute our conclusion as to the facts for that of the Commission. However, where there is no evidence supporting such findings of fact as made by the Commission the issue presented is one of law,” and the ruling should be overruled.
The Court quoted from the Dickson case, 102 So.2d 466, 467 at 135 So.2d page 592, the following:
“The first clarified reason, that appellant had not worked since his accident on June 8, 1954, does not of itself provide good cause in the absence of a showing that his . replacement as a classified employee was essential in the interest of the efficiency of the public service. Indubitably, an employee suffering temporary incapacitating injury or illness may be removed from classified service under proper conditions. But it must be done in good faith during the period of disability and notice of such removal must be given in conformity with law. The employing authority may not delay the decision to terminate the service until the employee has recovered, as in this case, and has reported ready, able and willing to perform his usual duties.” (Italics by the Court.)
The Court interpreted this to mean:
“In our opinion the Dickson case is au • thority for the proposition that the inability of an employee to perform his duties resulting from sickness or accidental injury provides legal cause for separation from the classified service during such disability provided there is a showing that his replacement is essential to the efficient operation of the department.”
In line with the above, the decisions hold that the action of the Commission will not be disturbed unless it appears to have been arbitrary and capricious. If there is any evidence at all from which a conclusion could be drawn that the employee’s conduct is prejudicial to the service, the ruling will not be disturbed.
Other cases appropriate here are: Marchese v. New Orleans Police Dept., 1955, 226 La. 982, 77 So.2d 742; Konen v. New Orleans Police Dept., 1954, 226 La. 739, 77 So.2d 24; Domas v. Division of Employment, 1955, 227 La. 490, 79 So.2d 857; Gervais v. New Orleans Police Dept., 1955, 226 La. 782, 77 So.2d 393; Jordan v. New Orleans Police Dept., 1957, 232 La. 926, 95 So.2d 607, 608; Broussard v. State Industrial School, etc., 1956, 231 La. 24, 90 So. 2d 73; Knight v. Dept. of Institutions, App., 1962, 140 So.2d 485.
Appellant does not deny that he is suffering from schizophrenia with paranoid tendencies and ideas of persecution. He argues that, just because the doctors admit that he is presently in a state of remission, he should be restored to active duty. There is ample evidence that it is not safe to take the chance that, in a case of stress and *455 strain and sudden, serious emergency, he will not be able to maintain his mental balance.
We must say that the Commission was justified in holding that it would be seriously detrimental to the appellant, the police service and the community to put a man with that mental handicap in a uniform and arm him with a dangerous weapon. We hold that he is unable and unfit to continue to hold the position and that it would be greatly prejudicial to the service to let him do so.
The ruling appealed from is affirmed.
Affirmed.