LANDRY, Judge.
This is the second appeal of plaintiff, Katie Mae Washington, from a judgment of the Civil Service Commission, (sometimes hereinafter referred to simply as “Commission”), dismissing plaintiff’s appeal of her discharge from the position of Attendant I in the employ of defendant-ap-pellee, Confederate Memorial Medical Center (sometimes hereinafter designatecl simply as “appellee” or “appointing authority”).
Plaintiff initially received the following letter of discharge dated May 25, 1961 ;
.“Katie Mae Washington
209 W. 85th Street
Shreveport, Louisiana
Dear Katie:
Pursuant to the authority contained in Civil Service Rule 12.3 you are hereby advised that you will be separated from your position as Attendant I effective at the close of business May 24, 196L
You are being separated because of the following specific' offenses:
1. Consistently late — arriving too late to make rounds with the attendant whom you were relieving.
2. Complaints from patients about your sullen attitude in carrying out small requests such as (1) Raising or lowering windows (2) Turning on and off lights.
3. In April a patient complained that she awakened. to find you searching in her bedside table. You stated that your reason for doing this was to find a newspaper.
4. In March while you and a male attendant were folding linen, you became angry and threatened to ‘stick him with a knife.’ You also repeated this threat in the presence of a nurse.
5. You have on many occasions recently told the nurses they were - trying to get your job and if this happened you were taking them with you — referring to nurses in abusive terms.
6. Sleeping on duty (1) at nurses’ station (2) in the lounge.
7-. ■ On- May 17, 1961 you. were instructed to watch a suicidal patient very carefully. You replied, ‘I will if I can, my daughter *288 swallowed a pin today and I like to have lost her.’ Your attitude was very sullen and resentful.
8. On Thursday, May 19, 1961 a patient requested a shower before leaving for another hospital. The relieving nurse asked you to give this patient a shower. You replied, ‘You had better take that up with McKeever (colored Practical Nurse), we don’t do that sort of thing on nights.’
9. Sunday, May 21, 1961 an elderly woman with an agitated depressive reaction got out of bed and fell down. This happened at 6:40 a. m. You remarked, ‘She was able to walk but saw the nurses coming and fell down for them.’
A copy of these charges and of your notice of removal is being furnished to the Department of Civil Service in accordance with Civil Service Rule 12.3.
Very truly yours,
s/ William J. Goff
William J. Goff
Personnel Officer
WJG:mjb”
Subsequently plaintiff received a second letter of dismissal dated June 2, 1961, informing plaintiff of her dismissal as of June 5, 1961, which dismissal was expressly stated to be alternative in the event the prior dismissal should prove invalid. The reasons asserted in the alternative dismissal of June 2, 1962, were essentially the same except that specific dates were stated with respect to the transgressions set forth in charges two through nine, inclusive.
On the initial appeal to this court, see Washington v. Confederate Memorial Medical Center, 147 So.2d 923, we held that because of the confusion resulting from the two letters of dismissal, the second of which was in the alternative and the invalidity of the first notice of dismissal being not conceded by the appointing authority until after expiration of the delay for taking an appeal from the letter of June 2, 1961, had expired, appellant was in effect denied the right of appeal. We held, therefore, that 'appellant’s appeal from the dismissal of May 25, 1961, should serve as an appeal from the dismissal of June 2, 1961, if appel-, lant’s discharge was in fact predicated upon the alternative notification of termination.
On this present appeal learned counsel for appellant contends appellant was never properly discharged by appellee, therefore the Commission’s judgment rejecting her appeal should be reversed and appellant ordered reinstated to her former position. In this regard counsel argues the notification of May 25, 1961, was not invalid as found by the Commission. He further argues the Commission’s conclusion of ret-roactivity with respect to the first notification is erroneous in that the original notification stated appellant’s discharge was effective May 26, 1961, the day following the date of said notification. Next esteemed counsel maintains that on the initial hearing which culminated in the former appeal taken herein, the Commission found that all charges contained, in the notification of May 25, 1961, were either disproved by appellant or dismissed by the Commission as being either vague or indefinite. Consequently, according' to plaintiff’s illustrious counsel, plaintiff was never properly discharged since none of the accusations against her were established as required by law. Counsel next makes what we deem to be the inconsistent contention that notwithstanding appellant was never discharged the purported dismissal of June 2, 1961, was ineffective for the reason appellant was never reemployed following issuance of the May 25, notification. Finally, appellant’s able counsel contends that conceding the hearing before the Commission on the remand ordered by this Court was from the alternative dismissal of June 2, 1961, appellant’s discharge was improperly sustained by the Commission because the charges held by the Commission to have been proved on this present appeal are the same as those ■previously dismissed by the Commission *289 either for vagueness, indefiniteness or lack of proof.
The record before us reveals the notification of May 25, 1961, was retroactive in effect. A copy of the letter sent appellant indicates the dismissal was operative as of May 24, 1961, which, of course, antedates the date of notification. It also appears that on the first hearing, appellant’s then counsel agreed to waive the retroactive effect of the first notification in order that the appeal might he heard. Moreover, the record establishes that appellant acknowledged payment of wages due to June 5,1961, the effective date of her discharge stipulated in the latter notification of June 2, 1961. In view of such circumstances there can be little doubt but that all concerned conceded the inefficacy of the May 25, notification and clearly understood that the initial appeal heard October 10, 1961, was from appellant’s dismissal as of June 5, 1961.
The record does not substantiate the contention of learned counsel for appellant that the Commission, on the first appeal, dismissed all charges lodged against appellant in the notification of May 25,1961. On the contrary, the record establishes that the Commission did dismiss charges 2, 3, 4, 5 and 6 on the ground said accusations were vague and indefinite in that they did not specify time, place and date in sufficient detail. The Commission also held charges 1, 7, 8 and 9, as contained in the notice of May 25, 1961, were sufficient in that they adequately apprised appellant of the nature of the infractions upon which her discharge was predicated. In this regard we note the following determination of the Commission’s Chairman appearing on page 40 of the transcript of record:
“Mr. Dennery:
“I think 8 and 9 are sufficient to be disproved, what you are therefore required to disprove are 1, 7, 8 and 9. You may proceed with 7 because you have already taken up 1.”
In the course of the hearing held on the remand ordered by this Court, counsel for appellant attempted to introduce in evidence the original of the May 25, 1961, notification which, according to counsel, shows on its face said notification was not retroactive in that the effective date of termination is therein stipulated as May 26, 1961. Assuming said notification was not retroactive as appellant contends, said circumstance is of little moment considering appellant as well as appellee have both conceded its inefficacy as shown by appellant’s admitted receipt of wages paid her by her said employer to the date of termination set forth in the subsequent notification of June 2, 1961, namely, June 5, 1961. It is clear from the record that all parties understood the initial appeal was from the dismissal on the amended and revised charges set forth in the notification of June 2, 1961.
Nor can the action of the Commission on the former appeal be construed as having exonerated appellant of all charges against her. In our prior opinion we pointed Out that the appeal under consideration was an appeal from the decision of the Commission sustaining a motion for summary judgment filed by appellee, which said motion was based on the ground no effective relief could be granted appellant on her appeal from the discharge of May 25, 1961, because the issue of said discharge had become moot in view of the subsequent alternative discharge of June 2, 1961. It was precisely this circumstance which, we felt, placed appellant in the untenable position of having lost her appeal entirely, through no fault of her own, considering the Commission’s acknowledgment of the invalidity of the first notification did not occur until July 19, 1961, by which time the delays within which appellant could have appealed the June 2, 1961, discharge, had expired. We considered the resultant inequity warranted a remand in order that the ends of justice might be served by affording all concerned a full opportunity to be heard.
The record contains ample evidence to substantiate the derelictions charged to appellant in the notification of June 2, 1961.
*290 . Patsy Bell, plaintiff’s immediate superior, no longer in appellee’s employ, testified that within a six month period appellant was late for work on approximately 12 occasions. She explained it was important that employees arrive timely so that the wards in which mental patients were kept could be visited by the employees reporting for duty in the company of those employees being relieved, so that the latter might apprise the former of the current status of the patients who would be their responsibility during the ensuing tour of duty. According to Miss Bell, appellant’s tardiness not only disrupted hospital routine and procedure but also impeded the efficiency with which appellant performed her duties. In addition Miss Bell substantiated the charge that appellant threatened to see that Miss Bell would be fired if Miss Bell were the cause of appellant being discharged.
It is unnecessary to detail the particulars of appellant’s transgressions save to point out that the charges, in general, are amply supported by the record and, in particular, the record establishes that on appellant’s duty tour of May 17-18, 1961, appellant was observed apparently asleep in the nurses’ lounge for a period of approximately 30-40 minutes during which interval appellant should have been attending the needs of the patients committed to her care.
It is now well settled jurisprudence that the findings of the Commission on matters of fact are binding upon the Courts on appeals from the Commission’s decisions. Where there is substantial evidence to support the Commission’s factual determinations, the Courts must accept such findings in passing on appeals from the judgments of the Commission. Foster v. Department of Public Welfare, La.App., 144 So.2d 271; Cottingham v. Dept. of Revenue, 232 La. 546, 94 So.2d 662; Gervais v. New Orleans Police Department, 226 La. 782, 77 So.2d 393; Villemarette v. Department of Public Safety, etc., La.App., 129 So.2d 835; Jordan v. New Orleans Police Department, 232 La. 926, 95 So.2d 607.
Although plaintiff denied the charges against her, the Commission determined the factual issues adversely to appellant. These findings, being fully supported by evidence appearing of record are therefore binding upon this Court. See authorities cited above.
Accordingly, the decision of the Civil Service Commission dismissing appellant’s appeal from the action of appellee, discharging appellant from the classified position of Attendant I in the employ of defendant, Confederate Memorial Medical Center, is affirmed at appellant’s cost.
Affirmed.