F. S. ELLIS, Judge.
This is an appeal from a ruling of the Civil Service Commission, affirming the discharge of appellant, Harvey Lee Spruill.
Mr. Spruill was first notified of his separation from his position by letter dated June 29, 1964. The letter made the separation effective as of the close of business on Tuesday, June 30, 1964, and was received by Mr. Spruill on July 1, 1964. He filed a timely appeal to the Civil Service Commission, and an exception of vagueness to the notice of dismissal.
Because of the fact that the first letter was not received by Mr. Spruill until after the effective date of his separation, the following notice was sent him on August S, 1964:
“CERTIFIED MAIL
RETURN RECEIPT REQUESTED
Mr. Harvey L. Spruill Box 293
St. Joseph, Louisiana
Dear Mr. Spruill:
Pursuant to the authority contained in Civil Service Rule 12.3, you are hereby advised that you will be separated from your position as Wildlife Agent II effective at the close of business on Tuesday, August 11, 1964.
On May 4, you were suspended without pay so that a complete investigation could be made concerning your activities. The findings of this investigation would determine whether or not you would be suitable to continue employment in your present position. This investigation revealed the following information and you are being separated because of these specific offenses :
1. For drinking alcoholic beverages and being under the influence of alcohol while officially on duty April 28, 29 and 30, 1964.
2. For the improper use of the State owned vehicle assigned to you on the same days, April 28, 29 and 30, 1964.
These actions on your part clearly indicate that you do not possess the necessary qualifications, self-control and temperament, to continue your employment in the Enforcement Division of this Commission.
*143 This letter is made necessary because of the untimely receipt of notice of dismissal contained in our letter to you dated June 29, 1964. As of August 11, 1964 you will receive a check for the period commencing July 1, 1964, through the termination date of August 11, 1964.
A copy of these charges and notice of removal are being furnished the Department of Civil Service in accordance with Rule 12.3.
Very truly yours,
s/ J. D. Hair, Jr. J. D. Hair, Jr. Director
JDH,JR/cy cc: Civil Service”
By stipulation, the appeal and exception of vagueness filed to the first notice of dismissal were made applicable to the second notice, and the appellant filed, in addition, an alternative plea, alleging that the penalty of dismissal imposed on him was excessive in view of his record of service and the nature of the offense.
The hearing was held on the appeal on September 8, 1964, and the matter was taken under advisement by the Commission. Mr. Spruill died on September 18, 1964, and on October IS, 1964, the appeal was dismissed as having become moot. From this ruling, an appeal was taken to this Court, and on January 21, 1965, the case was remanded to the Civil Service Commission with instructions that it render .a decision on the merits. On April 28, 1965, the Commission rendered its decision, denying the appeal. It is from that ruling that this appeal is prosecuted by the widow .and heirs of Harvey L. Spruill.
At the time of the hearing before the Civil Service Commission, the Wildlife and Fisheries Commission abandoned the charge relative to improper use of the motor vehicle, and the charges relative to drinking were limited to at or around the hour of noon on April 28, between 7:30 p. m. and 9:00 p. m. on April 28, and between 1:00 p. m. and 2:45 p. m. on April 30. The Commission found that the charges of drinking or being under the influence of alcohol on April 28 were disproved by Mr. Spruill. Therefore, the only questions presented to this Court for determination by this appeal are the proper disposition of the charge relative to Harvey L. Spruill being under the influence of alcohol between 1:00 p. m. and 2:45 p. m. on April 30, 1964, and the question of the propriety of the penalty imposed on him.
The evidence indicates that William Gillespie, who was Spruill’s immediate superior, found him in his truck across the levee from St. Joseph at approximately 1:00 p. m. on April 30, in an unconscious condition. He testified there was a sack, with the neck of a bottle protruding from it, in the truck, and three empty beer cans on the floorboard. He did not know what kind of bottle it was except that the neck was similar to the neck on a fifth liquor bottle. Trooper George E. Greer, who was with Captain Gillespie at the time, testified that he saw Spruill lying in the truck, but did not approach close enough to be able to tell if he was conscious or not. Trooper Greer drove Captain Gillespie back to where his car was located, and Gillespie returned alone to Spruill’s truck. At that time, he stated, he went up to the truck, opened the right-hand door, and unsuccessfully attempted to arouse him. On the occasion of his second visit to the truck, he was at the scene about four or five minutes. It was then about 1:15 p. m. He reported it to the Sheriff’s office at 1:20 or 1:30 p. m. He further testified that, when he attempted to awaken Spruill, he smelled beer.
Deputy Sheriff Preston Rhodes testified that he was called by Gillespie between 1:30 and 2:00 p. m., and asked by him to get Deputy Sheriff Leon Giles and go take a look at Spruill. Both Deputies Rhodes and Giles testified that they arrived at Spruill’s truck at about 2:30. Rhodes testified that *144 Spruill was in the truck unconscious, and that he smelled the beer. Giles testified that he saw Spruill asleep in the truck. William M. Seaman, Sheriff of Tensas Parish, testified that Giles and Rhodes reported back to him at about 2:45 p. m. Rhodes testified that he observed three beer cans on the ground next to the right-hand door, and said nothing about a bottle on the seat.
Mrs. George W. Dubuisson, testifying for the appellant, stated that she saw Spruill on April 30 at 11:30 or 11:45 in the morning. She testified that, at that time, he appeared to be in normal condition, and she noticed nothing unusual about him. Mr. Frank R. Burnside, the Mayor of Newellton, a town situated about fifteen miles from St. Joseph, testified that he saw Spruill in Newellton on April 30 at about 2:30 p. m. At that time, he cashed a check for him and Spruill appeared to be in a normal condition. He noticed no smell of alcohol on his breath. Edwin R. McDonald testified that he sawl Spruill in Newellton on April 30 between 2:00 and 3 :00 p. m., that he spoke to him, and that Spruill appeared to be normal and walked properly. Finally, it was stipulated that W. B. Hudnoll, teller of the Tensas State Bank, would testify that Spruill came to the bank between 2:00 and 2:30 p. m. on April 30, and made an $800.00 loan. It was further stipulated that he would testify that he called Mayor Burnside and asked him to cash a check for Spruill.
In its opinion, the Civil Service Commission made the following finding of fact:
“We find as a fact that appellant was due to be on duty on April 30; that he was in a profound sleep between the hours of 1:00 to 2:30 p. m. on April 30; that his condition rendered him unfit to perform his duties during those hours; and that he failed to disprove the charge that he was then under the influence of alcohol. He attempted to create the impression that a diabetic condition induced his condition. The evidence on that point is not persuasive.
“We find that the action taken by the appointing authority in discharging Spruill was justified, and the appeal is accordingly denied.”
Article 14, Section 15(N) (1) of the Constitution of 1921 provides as follows:
“No person in the State or Classified Service, having acquired permanent Civil Service status, shall be demoted, dismissed, or discriminated against, except for cause, expressed in writing by the appointing authority, (a) The burden of proof on appeal, as to the facts, shall be on the employee.”
Article 14, Section 15(0) (1) contains the following language:
“There is vested in the State Civil Service Commission and in the appropriate Civil Service Commissions for the several cities respectively the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases. The decision of the appropriate Civil Service Commission shall be final on the facts, but an appeal shall be granted to the Supreme Court of Louisiana on any question of law if application to the Commission is made within thirty (30) days after the Commission’s decision becomes final. The Supreme Court shall promulgate rules of procedure to be followed in the taking and lodging of such appeals.”
It appears that there are a number of cases decided by the courts of this state which hold that, if the findings of fact by the Civil Service Commission are supported by substantial evidence, they can not be disturbed on appeal. Washington v. Confederate Memorial Medical Center, 160 So.2d 286 (La.App.1964), and cases cited therein. However, it further appears that the latest expression on the subject by the Supreme Court is to the effect *145 that the findings of fact of the Commission can not be disturbed if there is any evidence in the record to support them. Gremillion v. Department of Highways, 129 So.2d 805 (La.App.1961). It is not the province of this Court to consider the weight or sufficiency of the evidence. Certainly there is some evidence to support the findings of fact made by the Commission.
The decision of the Civil Service Commission is accordingly affirmed. ,
Affirmed.