GULOTTA, Judge.
This is an appeal from a ruling of the Civil Service Commission affirming the dismissal of Jesse E. McDaniel from his job as “Mechanical Inspector I” for the City of New Orleans because of unethical conduct.
*291 On March 16, 1971, appellant went to the office of Mr. Gerard Hansen, an attorney in private practice and also an Assistant City Attorney, to secure his advice and assistance in obtaining an unclassified position with the City, or at least, to ask Hansen’s help in setting up the necessary interview for the desired job. During the visit, McDaniel offered to pay Hansen $100.00 for his services, which the attorney promptly refused, thinking the appellant was not serious in his offer. Hansen did, however, phone the proper authority and secure an interview. Subsequent to the interview, appellant returned to Hansen’s office leaving $100.00 with the secretary. Upon returning to his office, the attorney refunded the money to appellant indicating that it was improper for him to accept payment for political work. Hansen then advised Henry M. Lambert, Deputy Director of the Department of Safety & Permits of what had transpired; whereupon McDaniel was dismissed from his job with the city effective March 29, 1971, for conduct that was “highly unethical and cannot be allowed”.[1]
Thereafter, a timely appeal was perfected to the Civil Service Commission and, after hearing, was “denied” (dismissed).
Appellant filed in this court a peremptory exception of no cause of action. The basis of the exception is that both the appointing authority and the Commission failed to specify either in its letter of dismissal, or otherwise,, any rule, regulation, law, ordinance, statute, or constitutional provision that was violated by McDaniel. Appellant argues that there can be no finding that his actions were “unethical and cannot be allowed in the classified service” unless the Commission and appointing authority specify the particular rule, regulation, or law breached by him.
We find no merit in the exception. Article 14, Section 15(N)(1) of the Louisiana Constitution provides:
“No person in the State or Classified Service, having acquired permanent Civil Service status, shall be demoted, dismissed, or discriminated against, except for cause, expressed in writing by the appointing authority, (a) The burden of proof on appeal, as to the facts, shall be on the employee.” (emphasis ours)
Further, LSA-R.S. 33 :2423 provides that when any employee in the classified service has committed any act to the prejudice of the service, such employee may be removed. Pursuant to the statutory provisions, Rule IX, Sec. 1(1.1) of the Civil Service Commission of the City of New Orleans was adopted and provides:
“When any regular employee in the classified service is unable or unwilling to perform the duties of his position in a satisfactory manner or has committed any act to the prejudice of the service, * * * the appointing authority shall take the action warranted by the circumstances to maintain the standards of effective service. The action may extend to (1) removal from the service * * *” (emphasis ours)
In accordance with the statutory provisions and the Rule, the letter of dismissal included the following language:
“Mr. Jesse E. McDaniel, Mechanical Inspector I, is hereby removed from the service to the city effective Monday, March 29, 1971. This action is taken because Mr. McDaniel has committed a grave act to the prejudice of the City and the Civil Service.” (emphasis ours)
The letter then particularizes the unethical conduct of McDaniel upon which the Commission based its conclusion.[2] We fail *292 to find any additional requirements either placed upon the Commission or the authority as suggested by appellant in his exception.
In seeking reversal of the Commission’s decision to uphold the dismissal, appellant alleges numerous specifications of error. He argues that the Commission erred in allowing and considering the, privileged testimony of Hansen. McDaniel contends that an attorney-client relationship had been established between himself and Hansen and that the attorney’s testimony was inadmissible under LSA-C.C. art. 2283 and LSA-R.S. 15:475. Without this testimony, he insists, there would be no evidence upon which the Commission could uphold the dismissal.
 We do not agree that such a relationship came into existence. The employment of an attorney is sufficiently established when it is shown that the advice and assistance of the attorney are sought and received in matters pertinent to his profession or when an agreement of representation has been' made under conditions acceptable to both parties. No fee arrangements were made for the services to be rendered, and no legal representation was intended. To the contrary, the evidence shows payment was intended for influence, not legal services. Hansen stated he remembered appellant from the Lan-drieu campaign. At that time, both were supporting Moon Landrieu in the mayoralty election.
Appellant admits Hansen told him “Moon Landrieu didn’t allow any of his co-workers to be paid for what you call it for political work.” (emphasis ours). Furthermore, when Mr. Hansen returned the $100.00 to appellant, the following conversation transpired:
Mr. Hansen: “I want to return it to you.” Appellant replied, “I don’t know why you don’t have your finger in the pot, everybody else does.” When Mr. Hansen replied “I’d like to know who and I am sure that action will be taken. We don’t want that going on.” Appellant responded, “I am not going to name them. Everybody is on the take and I don’t see why you are not.”
This indicates that appellant was consulting Hansen as a political friend whom he hoped might fall to the temptation of bribery. The fact that he happened to be an attorney was merely coincidental. It is our conclusion that no attorney-client relationship existed, and the Commission rightfully admitted the testimony into evidence.
Appellant complains of other specifications of error. He contends the Commission committed error of law by prohibiting cross examination of Hansen on whether or not it was within his power to force the proper authorities to appoint or have appointed appellant to the unclassified position he sought.
We fail to find any merit in this argument. The Commission properly excluded this line of cross examination. This evidence is not germane to the question of the ethical or unethical conduct of the appellant. Appellant further argues the Commission erred in finding that appellant had consulted with Hansen in his capacity as an Assistant City Attorney and not in his capacity as a private practitioner of law; in failing to find that Hansen had a duty to advise him that he was an Assistant City Attorney, and therefore may have a conflict of interest;[3] and in finding that “the appointing authority rightfully held appellant’s actions to be unethical and improper conduct for a member of the classified service” and that “appellant did not show that this disciplinary action of the appointing authority was discriminatory, arbitrary or capricious.”
These assignments of error are addressed to' the factual findings of the Corn- *293 mission not reviewable by this court[4] or to the question of the sufficiency of the evidence which we have no authority to examine in this case; there being some evidence upon which the Commission based its findings.[5]
Accordingly, the ruling of the Civil Service Commission of New Orleans is affirmed.
Affirmed.
APPENDIX
LETTER OF DISMISSAL CITY OF NEW ORLEANS DEPARTMENT OF SAFETY & PERMITS DIRECTOR’S OFFICE ROOM 7E0S CITY HALL NEW ORLEANS, LA. 70112
March 24, 1971
Mr. William R. Konrad
Acting Director of Personnel
Department of Civil Service
Room 7W03 City Hall
New Orleans, Louisiana
Dear Mr. Konrad:
Mr. Jesse E. McDaniel, Mechanical Inspector I, is hereby removed from the service to the city effective Monday, March 29, 1971. This action is taken because Mr. McDaniel has committed a grave act to the prejudice of the City and the Civil Service.
In the early part of last week, approximately Tuesday, March 16, Mr. Gerard Hansen, an Assistant City Attorney, informed me that an acquaintenance of his, namely, Mr. McDaniel, was interested in obtaining the unclassified position of Secretary of the Board of Examiners of Operating Engineers. Mr. McDaniel asked Mr. Hansen’s assistance in obtaining this position, even offering to pay him a sum of money for such assistance. Both Mr. Hansen and myself assumed Mr. McDaniel was not serious.
On Wednesday, March 17, Mr. McDaniel made an appointment to see me the following day. On Thursday, March 18, I interviewed Mr. McDaniel and informed him we were looking for the best qualified man, had requested the Board and others to suggest persons for the position, and also informed him that we would not rush into a decision. On Friday, March 19, while Mr. Hansen was out of his office, Mr. McDaniel left $100.00 cash with Mr. Hansen’s secretary. Upon returning to his office Mr. Hansen contacted me and informed me that Mr. McDaniel had obviously been serious in his offer to pay for the appointment. Mr. Hansen then later contacted Mr. McDaniel and informed him to come and pick up his $100.00 cash, for which Mr. Hansen received a receipt.
These actions on the part of a city employee are highly unethical and cannot be allowed. Because of it this employee can no longer be trusted and cannot be allowed to remain in the City Service.
Sincerely,
/s/ HENRY M. LAMBERT
Henry M. Lambert
Deputy Director
Approved:
/s/ EDWARD C. KURTZ
Edward C. Kurtz
Director
Certified copy by registered mail:
Mr. Jesse E. McDaniel
619 Constantinople St.
New Orleans, La. 70115

. A letter of dismissal dated March 24, 1971, was sent to the Acting Director of Personnel of the Department of Civil Service by Lambert and approved by Edward C. Kurtz, Director of Department of Safety & Permits advising that McDaniel had been dismissed for unethical conduct which could not be allowed. See Appendix.

. See Appendix.

. While posed as error of law, the complaint charges error of fact. The record shows that McDaniel was aware that Hansen was employed in the City Attorney’s office. In answer to Hansen’s question, “Was there any reason why you felt you should pay Mr. Hansen for his time?” McDaniel answered “Well, other City Attorney’s have done work for me and I have always paid them.”

. LSA-Const. Art. 14, See. 15(0) (1).

. In Gervais v. New Orleans Police Department, 226 La. 782, 77 So.2d 393, on page 395, the Supreme Court said: “ * * * There was unquestionably some evidence before the Civil Service Commission exhibiting that the acts committed by appellant were prejudicial to the service. We are without authority to examine into the question of the sufficiency thereof.”
See also Jais v. Department of Finance, 228 La. 399, 82 So.2d 689; Marchese v. New Orleans Police Department, 226 La. 982, 77 So.2d 742.