HOOD, Judge.
Mrs. Louise Fusilier Fontenot, the surviving widow of Frank Cazan Fontenot, deceased, appeals from a judgment rendered by the trial court which, in substance, rejects the demand of the attorneys employed by her, the firm of Ashlock & Vidrine, to be recognized as the “sole attorneys for the Succession of Frank Cazan Fontenot.”
Defendants, who are collateral heirs of the decedent, have filed a number of pleadings in this court, including an answer to the appeal, several exceptions and a motion to dismiss the appeal on the ground that the judgment rendered by the trial court is not an appealable judgment. We have decided that the appeal must be dismissed, and that it is unnecessary for us to consider the other pleadings filed by the appellees.
Frank Cazan Fontenot died testate on July 15, 1976, and his will was probated shortly thereafter. All parties were represented originally by the law firm of Fonten-ot & Mitchell. Pursuant to pleadings filed by Mrs. Fontenot, through that firm, an order was issued on July 27, 1976, purporting to appoint her as provisional adminis-tratrix of this succession.
Shortly after the above order was issued, and upon application of Mrs. Fontenot, the trial judge issued an ex parte order decreeing that attorney Jules R. Ashlock be entered on the court record as Mrs. Fontenot’s attorney in this succession. Several pleadings relating to this estate were then filed by Mrs. Fontenot, through Ashlock, or the firm of Ashlock & Vidrine. In response to one such pleading an order was issued on August 27,1976, purporting to appoint Mrs. Fontenot as dative testamentary executrix of the succession.
*708 During or about that time several pleadings were filed by defendants, as collateral heirs of the decedent, through their attorney Clyde Fontenot, or the firm of Fonten-ot & Mitchell. Among those pleadings was a petition seeking to have the defendants recognized as the sole and universal legatees of the testator, and a petition praying that the appointment of Mrs. Fontenot as dative testamentary executrix be annulled. It is apparent that the parties could not agree as to who should be appointed to serve as representative of the succession and as to how the estate should be handled.
On August 27,1976, pursuant to a motion filed by “Ashloek & Vidrine, appearing through one of its members, Jules R. Ash-lock,” an order was issued by the trial court directing the law firm of Fontenot & Mitchell to show cause “why the name of said firm (Fontenot & Mitchell) should not be removed as attorneys of record for the herein succession and why the name of the law firm of Ashloek & Vidrine should not be recognized as the true and lawful attorneys for this succession.” After trial of that rule, and of issues presented by some other pleadings, judgment was rendered by the trial court on September 1, 1976, and that judgment was amended on September 3, 1976. The amended judgment reads as follows:
“IT IS ORDERED, ADJUDGED & DECREED that mover’s ‘Rule to Show Cause Why the Law Firm of Ashloek & Vidrine Should Not be Recognized as the Sole Attorneys for the Succession of Frank Cazan Fontenot, and Why the Name of the Law Firm of Fontenot & Mitchell Should Not be Stricken From the Record as Attorneys for the Succession of Frank Cazan Fontenot' is hereby denied.
IT IS FURTHER ORDERED, ADJUDGED & DECREED that the firm of Ashloek and Vidrine are counsel of record for Louise Fusilier Fontenot, widow of Frank Cazan Fontenot and the firm of Fontenot and Mitchell are counsel of record for all the other heirs and/or legatees of decedent.
IT IS FURTHER ORDERED, ADJUDGED & DECREED that the petition for possession filed by the legatees under the will of Frank Cazan Fontenot is premature and is therefore denied.
IT IS FURTHER ORDERED, ADJUDGED & DECREED that Louise F. Fontenot be allowed fifteen (15) days to file any suit to contest the validity of the will written by Frank Cazan Fontenot which has been probated in these proceedings.
IT IS FURTHER ORDERED, ADJUDGED & DECREED that Louise F. Fontenot be permitted to continue as Provisional Administratrix to conduct succession business in accordance with Louisiana laws concerning provisional administration of succession.”
Mrs. Fontenot appealed from that amended judgment, contending that the trial judge erred (1) in failing to recognize Ashloek & Vidrine as attorneys for the succession, and (2) in allowing her only fifteen days within which to contest the validity of the testator’s will.
Defendants-Appellees contend that the judgment appealed from is neither a final judgment nor is it an interlocutory judgment which may cause irreparable injury, as these terms are used in LSA-C.C.P. art. 2083. They take the position that it thus is not an appealable judgment, and that plaintiff’s appeal should be dismissed.
Our law provides that a judgment which does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. A judgment which determines the merits in whole or in part is a final judgment. LSA-C.C.P. art. 1841.
A judgment which does not determine or dispose of any issue constituting a part of the merits of the case is not a final judgment. If such a judgment cannot cause a party to suffer irreparable injury, it is not appealable. LSA-C.C.P. art. 2083; Waters v. Waters, 264 So.2d 275 (La.App. 3 Cir. 1972); State Department of Highways v. Alexandria Land & Lumber Company, Inc., 284 So.2d 153 (La.App. 3 Cir. 1973); *709 Anderson v. Southern Consumers Education Foundation, Inc., 196 So.2d 686 (La.App. 3 Cir. 1967).
Mrs. Fontenot contends that the judgment appealed from in the instant suit is a final judgment, and thus is appealable, because if it is allowed to stand “it will be utterly impossible to proceed to conclude and close this succession.” She maintains that “things will come to a standstill,” that “chaos will follow,” and that the estate will be deprived of any benefit it may have by having an attorney for the succession. And, she argues that a “state of legal paralysis” or “confusion” exists until that is determined.
We are not convinced that a judgment which purports to recognize a lawyer, or a law firm, as attorney for a succession has any practical legal effect. Assuming that such a judgment would have some legal effect, we nevertheless feel that it would not be a final judgment, since it would not dispose of any part of the merits of the action. Such a decree would determine only preliminary matters in the course of the action, and it thus would be an interlocutory judgment. Our next inquiry, then, is whether that type of interlocutory decree may cause irreparable injury, and thus should be appealable under LSA-C. C.P. art. 2083.
We do not believe that the judgment sought by Mrs. Fontenot, or by the attorneys which she engaged, would give her any right or benefit which she does not have under the judgment which was rendered by the trial court. There is no merit to the argument that the succession cannot be concluded or that the proceedings will come to a standstill if some attorney, or some law firm, is not designated as attorney for the succession. The judgment appealed from does not prevent the appellant from seeking, through her selected counsel, the same type of relief which she might have sought had her counsel been recognized as attorney for the succession. And, the judgment which she feels should be rendered would not deprive her opponents, the collateral heirs of the decedent, from seeking the same type of relief which they may seek under the judgment which is before us on this appeal. There is nothing in the record or in the law which indicates that the judgment rendered by the trial court could cause injury to any party to this proceeding.
Our conclusion is that the judgment rendered by the trial court is neither a final judgment, nor is it an interlocutory judgment which may cause irreparable injury. An appeal thus may not be taken from that judgment, under LSA-C.C.P. art. 2083.
We do not consider the appeal to be frivolous, and we thus reject the appellees’ prayer for damages for taking the appeal.
That part of the judgment which allows plaintiff a limited period of time within which to contest the validity of the will of the decedent also is an interlocutory judgment. We find that it also is not ap-pealable, since there is no showing that it may cause irreparable injury.
For the reasons assigned, the motion to dismiss the appeal taken in this matter by Mrs.- Louise Fusilier Fontenot is granted, and that appeal is hereby dismissed. The costs of the appeal are assessed to plaintiff-appellant.
APPEAL DISMISSED.