BLANCHE, Judge.
This case involves a property dispute among brothers. It has been consolidated for the purposes of this appeal with Suit No. 11,990 on the docket of this Court, 361 So.2d 1236, entitled “Louis V. de la Vergne *1235 v. Hugues J. de la Vergne, II, and Charles E. de la Vergne, Jr.” Separate opinions and decrees will be rendered in each case.
There are three de la Vergne brothers, Louis, Charles and Hugues. Through mense interfamily transfers, they each have a five-eighteenth interest in the property involved in this litigation. Additionally, Louis de la Vergne is a particular legatee under his late mother’s will for the remaining three-eighteenth interest of the property.
The property consists of some eighty-seven acres between the Bogue Falaya River and the Abita River and includes the pre-Civil War home known as “Villa de la Vergne” located on a bluff overlooking the Bogue Falaya River.
Louis de la Vergne is intensely interested in acquiring full ownership of Villa de la Vergne, and Charles and Hugues de la Vergne apparently have an interest in maximizing their economic interest in the property.
Numerous attempts were made to reconcile their interests. The interactivity of the three brothers has included litigation which preceded the cases before us. That litigation involved such matters as road use and location as well as the enjoining of building a boat marina (slip) on the property.
Our judicial interest in the matter begins with the instant suit filed by Hugues and Charles de la Vergne to partition the property by licitation. The evidence fully supports a finding by the trial judge that the property could not be divided in kind without a diminution in value; and he, accordingly, found that the property must be partitioned by licitation. The court relied on LSA-C.C. arts. 1339 and 1340.[1] An appeal was granted to Louis de la Vergne, defendant-appellant, and before this Court there is only one issue,[2] i. e., whether C. Ellis Heni-can, counsel for plaintiffs-appellees, should have been disqualified to represent appel-lees because of his former representation of appellant, Louis V. de la Vergne, in the same subject matter of the suit. Upon such a finding, appellees suggest that the suit should be “stayed and dismissed.” No error has been urged as to the trial court’s factual finding of the indivisibility of the property in kind required for partition by licitation.
We view this effort to disqualify counsel as no more than the last of the many efforts to forestall the inevitable sale of the property by licitation. Not one word has been written by appellant challenging the finding that the property was not susceptible to division in kind.
On the motion to disqualify, the trial judge found no giving of confidential information by appellant or the misusing of any such information (assuming it was given). In fact, appellant’s testimony was rejected when the trial judge stated that he was not satisfied with the evidence presented by appellant on this issue.
The only issue in the partition suit was whether the property was susceptible to a division in kind, and how the violation of any confidences could affect the outcome of that issue is beyond us.
We decline to disqualify counsel for his alleged participation in the case and affirm the judgment of the trial court. The costs of this appeal are to be cast to appellant.
AFFIRMED.

. LSA-C.C. arts. 1339 and 1340 provide:
“Art. 1339. Partition by licitation where division in kind impossible or inconvenient.
“Art. 1339. When the property is indivisible by its nature, or when it can not be conveniently divided, the judge shall order, at the instance of any one of the heirs, on proof of either of these facts, that it be sold at public auction, after the time of notice and advertisements prescribed by law, and in the manner hereinafter prescribed.”
“Art. 1340. Property not conveniently divisible
“Art. 1340. It is said that a thing can not be conveniently divided, when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it.”

. No specification of error was assigned in accordance with our court rules, and we discern the issue thusly because it was the only point argued in brief.