BLANCHE, Judge.
This is a suit for specific performance and involves the same property which was the subject of the suit to partition by licitation (Appeal No. 11,984), 361 So.2d 1234. It is based on an agreement dated July 9, 1973, which was executed by all three de la Vergne brothers and their mother. The agreement reads:
“Louis buys homesite (700 x 1200 approx) from Uncle Jules & Aunt Claire for y3 of total price from them of $350,000 & from Hugues & Charles their interest based on same purchase price.
“Heirs of C. E. V. buy the remainder (vacant land) from Uncle Jules & Aunt Claire for % of total price and sell part after 9 months to pay purchase price and to acquire new road,
“[signed] Hugues J. de la Vergne, II
“[signed] Mrs. Charles E. de la Vergne
“[signed] Louis V. de la Vergne
“[signed] Charles E. de la Vergne, Jr.”
(Exhibit H-l, Record No. 11,990, p. 4)
Louis V. de la Vergne, plaintiff-appellant, has made the same motion to disqualify C. Ellis Hennican as attorney for his brothers, Charles and Hugues de la Vergne, in this case, and it was given the same treatment by the trial judge as in Appeal No. 11,984.
In further consequence of the efforts to forestall the sale of the property by licitation, a motion was made to stay the execution of the judgment in the partition suit (Appeal No. 11,984) on the grounds that irreparable injury would occur if the property were sold before the suit for specific performance was tried. This motion was also denied.
The case has not been tried on its merits. The judgment refusing the motion to disqualify and to stay execution of the judgment in the partition suit is interlocutory in nature and not appealable in the absence of irreparable injury.
*1237 With regard to the question of irreparable injury, it occurs to us that the agreement could have been timely offered as proof of the divisibility in kind of the property in the partition suit, or, alternatively, as a bar to the partition suit since the parties had, by agreement, divided the property in kind. The agreement was never offered in evidence. Now that appellant is unsuccessful in the partition suit, he would utilize the courts to further delay the execution of that judgment until some decision is finally rendered with regard to the agreement for which he now allegedly claims that specific performance is due.
Appellant should have timely utilized his day in court on this issue when the partition suit was tried.
A judgment which does not determine or dispose of any issue constituting a part of the merits of the case is not a final judgment. If such a judgment cannot cause a party to suffer irreparable injury, it is not appealable. LSA-C.C.P. art. 2083; Succession of Fontenot, 340 So.2d 707 (La. App. 3rd Cir. 1976), and the cases therein cited.
For the above reasons, ex proprio motu, we dismiss the appeal, at appellant’s cost.
APPEAL DISMISSED.