461 So.2d 676 (1984)
Patricia Day MILLER
v.
The UPJOHN COMPANY, et al.
No. 84 CM 1140.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
*677 C. John Caskey, Baton Rouge, Joseph H. Simpson, Amite, for plaintiff-appellee.
Donna G. Klein, New Orleans, for defendants-appellants.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
This matter concerns a motion filed by the plaintiff-appellee Patricia Day Miller, seeking dismissal of this unlodged appeal taken by The Upjohn Company and J. Killian Williams on the ground that all the rulings appealed are non-appealable interlocutory orders.
The suit was one for damages from the use of the drug PANALBA, manufactured by defendant Upjohn. A jury trial resulted in a mistrial when the jurors could not agree on a verdict.
After the mistrial, appellants appealed the following rulings of the trial court:
1) pre-trial denial of a prescription exception;
2) denial of a motion for directed verdict during the mistrial;
3) various evidentiary rulings made during the trial; and
4) jury instructions.
Ms. Miller has now filed this motion to dismiss.
The overruling of an exception of prescription is an interlocutory judgment and hence not appealable. Edwards v. Lousteau Auto Sales, Inc., 424 So.2d 460 at 462 (La.App. 5th Cir.1982).
The denial of a directed verdict is not appealable. Adams v. Pourciau, 417 So.2d 860 (La.App. 4th Cir.1982), writ denied, 422 So.2d 157 (La.1982).
Evidentiary rulings and jury instructions are clearly interlocutory under LSA-C.C.P. 1841. In de la Vergne v. de la Vergne, 361 So.2d 1236 at 1237 (La.App. 1st Cir.1978), the court stated:
A judgment which does not determine or dispose of any issue constituting a part of the merits of the case is not a final judgment. If such a judgment cannot cause a party to suffer irreparable injury, it is not appealable. LSA-C.C.P. art. 2083; Succession of Fontenot, 340 So.2d 707 (La.App. 3rd Cir.1976), and the cases therein cited.
All of the rulings at issue are clearly interlocutory. Appellants contend that the rulings at issue should be considered as appealable interlocutory rulings under LSA-C.C.P. 2083 because they cause irreparable injury. In Updegraff v. Parish of St. Bernard, 433 So.2d 863 at 865 (La.App. 4th Cir.1983), the court set forth the test for determining whether or not an interlocutory judgment will cause irreparable injury:
The test for determining whether an interlocutory judgment may cause irreparable injury is whether the procedural error will have such an effect on the merits of the case, that the appellate court cannot correct an erroneous decision on the merits. Bernard v. Allstate *678 Ins. Co., 396 So.2d 548 (La.App. 3d Cir. 1981).
It appears that each of the alleged errors at issue could be cured on appeal if found to be error. Furthermore it does not appear that appellants have suffered irreparable injury. In any event, since a final judgment has not been rendered, appellants may apply for writs.
The motion to dismiss the appeal is granted, at appellants' costs.
APPEAL DISMISSED.