MOTION TO DISMISS
FORET, Judge.
The defendants-appellants, State of Louisiana, Department of Transportation and Development, Louisiana Power and Light Company, and Yamaha Motor Corporation, U.S.A., have appealed a judgment signed on December 10, 1986, which granted the plaintiff-appellee’s motion in limine. The appellee has filed the instant motion to dismiss on the grounds it is a non-appeal-able interlocutory judgment.
LSA-C.C.P. Art. 2083 provides in part: An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from ' an interlocutory judgment which may cause irreparable injury, ...
LSA-C.C.P. Art. 1841 provides in part: ... A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
This evidentiary ruling is clearly an interlocutory judgment. Miller v. Upjohn Co., 461 So.2d 676 (La.App. 1st Cir.1984). Therefore, the appellants may appeal this judgment only if irreparable harm will result. LSA-C.C.P. Art. 2083. The test for determining whether an interlocutory judgment may cause irreparable injury is whether the procedural error will have such an effect on the merits of the case, that the appellate court cannot correct an erroneous decision on the merits. Miller, supra, citing Bernard, v. Allstate Ins. Co., 396 So.2d 548 (La.App. 3rd Cir.).
The documents sought to be introduced in the trial court may be proffered, and accompany the record if the case is appealed after a final judgment has been signed, or this Court could remand the case for the taking of additional evidence, if it is found on appeal that the trial court was in error. For these reasons, the appellants can not suffer irreparable injury.
As this judgment is a non-appealable interlocutory judgment, the appellants’ appeal is dismissed at their costs.
APPEAL DISMISSED.