BARRY, Judge.
Applicant, A.B. Volvo Penta, Sweden, argues that the trial court erred by granting Gene Jackson’s motion to disqualify its law firm which briefly represented Mr. Jackson and Volvo. We grant this application in order to consider the validity of that judgment.
On October 16, 1987 Carl L. Dieck filed suit for damages against Volvo (engine manufacturer), W.A.R. Marine Services and Louisiana Power House, Inc. (distributors of the engines), and Gene Jackson (owner of W.A.R. Marine Services). On November 12, 1987 Volvo answered and cross-claimed against Louisiana Power House, W.A.R. Marine Services and Mr. Jackson. In December, 1987 Louisiana Power House, Inc. answered and cross-claimed against Volvo, W.A.R. Marine Services and Jackson. In April, 1988 W.A.R. Marine Services answered and cross-claimed against Volvo.
On July 25, 1988 a letter by Volvo’s counsel, Henry King, informed Mr. Jackson that Volvo was not opposed to Mr. King’s law firm (Nesser, King & LeBlanc) also representing Mr. Jackson based on Mr. Jackson’s representation that W.A.R. Marine Services made no warranty on the suitability of the engine and gear for the purposes intended by Carl Dieck. In a September 22, 1988 letter Mr. King notified Mr. Jackson that the law firm decided to withdraw as Mr. Jackson’s counsel after learning of “irreconcilable disputes.”
According to Volvo, Mr. Jackson met with Mr. King and Mr. Burvant (of Nesser, King & LeBlanc) on September 21, 1988 for about forty-five minutes. No new information was exchanged that had not been given to other Volvo personnel. Volvo’s writ application claims the only discovery taken during Mr. King’s represention of both clients was two incomplete depositions. Volvo contends that Mr. Jackson offered no evidence (at the show cause hearing) to show that he transmitted confidential information to Volvo’s attorneys; however, Volvo notes that the commissioner would not allow testimony as to whether confidential information was transmitted. Volvo proffered a statement by Mr. King and Mr. Burvant that Mr. Jackson never conveyed new information during their representation. This Court was not provided a copy of the hearing transcript.
The commissioner, recommended that the motion to disqualify be granted. In reasons the commissioner states:
The evidence presented shows that for a period of time from July 1988 to September 1988, Mr. Burvant and Mr. King represented both Mr. Jackson and Volvo. In September 1988, Mr. King advised Mr. Jackson that he would no longer be represented in this matter by his firm. Mr. Jackson then requested that Mr. King and his firm stop representing Volvo. Mr. King has refused to withdraw as counsel for Volvo.
It is clear that Mr. King and Mr. Burvant represented Volvo and Mr. Jackson at the same time and that attorney-client communications occurred during that time. There is presently pending cross-claims between Volvo and Mr. Jackson and their interest [sic], at least on some issues, are adverse.
Rule 1.7 of the Code of Professional Conduct would prohibit Mr. King, Mr. Bur-vant and their law firm from continuing to represent Volvo where objection is raised by Mr. Jackson.
The trial court adopted the recommendation and ordered Nesser, King & LeBlanc to withdraw as counsel for Volvo. Motions to reconsider or for a new trial were denied.
Finding that an attorney-client relationship existed between Mr. Jackson and Mr. King does not mandate disqualification of Nesser, King & LeBlanc as Volvo’s counsel. LaNasa v. Fortier, 553 So.2d 1022 (La.App. 4th Cir.1989), writ denied 559 So.2d 124 (La.1990). The issue is whether confidential information from Mr. Jackson *299 to Mr. King and Mr. Burvant would mandate disqualification of their firm.
The prejudicial nature of a confidential disclosure must be considered as well as the conditional nature of the law firm’s representation of Mr. Jackson. The commissioner did not allow testimony as to transmittal of confidential information (according to Volvo).
We reverse and remand this matter to the district court for a full evidentiary hearing.
REVERSED AND REMANDED.