PER CURIAM.
The trial court’s ruling which disqualified A.D. Freeman, A. Albert Ajubita, and Byron Ann Cook as attorneys in these proceedings is reversed. The case is remanded to the district court.
The harsh consequence of disqualification is not warranted merely because an attorney-client relationship existed between a former client and an attorney who presently represents a subsequent client. Dieck v. A.B. Volvo Penta, Sweden, 577 So.2d 297 (La.App. 4th Cir.1991). As out-hned in Rule 1.9 of the Rules of Professional Conduct,[1] the proper focus is whether the matters are the same or substantially related and whether the parties interests are materially adverse. Alternatively, the issue is whether any confidential information was given by the former client to the attorney and if such information was given, whether a misuse of the information has occurred. Dieck v. A.B. Volvo Penta, Sweden, 577 So.2d 297 (La.App. 4th Cir.1991); LaNasa v. Fortier, 553 So.2d 1022 (La.App. 4th Cir.1989); De La Vergne v. De La Vergne, 361 So.2d 1234 (La.App. 1st Cir.1978).
Freeman, Ajubita, and Cook have not been shown to have violated this rule. Disqualification of the attorneys at this time is at the least premature.
The habeas corpus proceeding wherein Freeman, Ajubita, and Cook represent Beth Douglas — a proceeding brought on behalf of her ostensibly captive mother — may be substantially related to the interdiction matter in which the lawyers earlier represented Flavia Charlton. However, the interests of Beth Douglas and Flavia Charl-ton in the respective matters have not been sufficiently shown to be materially adverse. Moreover, the transcript of the hearing before the trial judge, submitted with the application, is devoid of any evidence or other support to indicate that Fla-via Charlton communicated confidential information pertaining to the interdiction or habeas corpus proceedings to the lawyers.
A hearing on the interdiction at which Flavia Charlton will be produced, examined, and if found capable, her allegiance discerned and her desires discovered, must be conducted. The district court, if it chooses, may simultaneously hear the ha-beas corpus matter.

. Rule 1.9 of the Rules of Professional Conduct provides in part:
A lawyer who has formerly represented a client in a matter shall not thereafter;
(a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or (b) Use information relating to the representation to the disadvantage of the former client....