2002 SD 79

**Leroy Douglas ALTMAN, Petitioner and Appellee,**

v.

**Debra RUMBOLZ, Respondent and Appellant.**

No. 22114.

Supreme Court of South Dakota.

Considered on Briefs March 25, 2002.

Decided July 10, 2002.

Kenneth D. Bertsch of Bertsch Law Firm, Menno, South Dakota, Attorney for petitioner and appellee.

Patrick W. Kiner, Mitchell, South Dakota, Attorney for respondent and appellant.

PER CURIAM.

[¶ 1.] Debra Rumbolz appeals an order modifying a protection order that was previously entered against her. We affirm in part and reverse in part.

### FACTS

[¶ 2.] Rumbolz and LeRoy Altman are residents of Mitchell. Rumbolz was Altman's live-in girlfriend for a period of time and also worked for him in his used car dealership in Mitchell. The parties' relationship ended in early 2000. Bad feelings persisted after their break-up. These feelings manifested themselves in various acts of antagonism between the parties. In August 2000, Altman filed a petition for a protection order from Rumbolz alleging numerous incidents of harassment and intimidation by her including: as many as fifteen to forty phone calls from her per day; a number of anonymous hang-up calls; numerous "drive-bys" past his home and his business; a verbal assault in his church; complaints to regulatory agencies with authority over his business; being watched at his business from a nearby restaurant; numerous incidents of being followed; and, receipt of a number of notes and letters from Rumbolz on his car windshield.[1]

[¶ 3.] Altman's petition was heard on September 25, 2000 and, on October 10, the trial court entered a protection order finding that Rumbolz had "willfully, maliciously, and repeatedly followed or harassed" Altman. The order was made effective until September 24, 2001 and contained the following pertinent provisions:

1. that [Rumbolz] is restrained from willfully, maliciously, and repeatedly following or harassing [Altman];
2. that [Rumbolz] not come within a distance of 1000 feet from [Altman's] residence . . . ;
3. That [Rumbolz] not come within a distance of 300 feet from the edge of [Altman's] place of business . . . ; and
4. That [Rumbolz] not personally or through third parties, have contact of any kind (physical, verbal, written, telephonic or any other contact) with [Altman] in any manner or form.

[¶ 4.] Altman's protection order was served on Rumbolz on October 17, 2000, but Rumbolz's pattern continued. On May 16, 2001, Altman filed a motion to modify the protection order alleging numerous incidents of continued harassment by Rumbolz. Altman sought a more specific protection order containing precise descriptions of the prohibited conduct.

[¶ 5.] A hearing on Altman's motion to modify was held on June 25, 2001. Altman represented himself during the hearing and Rumbolz was represented by attorney Patrick Kiner who is also a part-time magistrate judge in the First Judicial Circuit. In addition to offering testimony and evidence on the continued acts of harassment by Rumbolz, Altman also raised allegations that Kiner was exercising his influence as a magistrate to keep certain witnesses from testifying on his behalf. Kiner denied these allegations and denied even knowing the witnesses Altman referenced. At the close of the hearing, the trial court entered oral findings and conclusions on

---

1. Rumbolz has consistently denied these allegations and countered with the contention that it is Altman who is stalking her. Although the record is not clear on the matter, at one point, Rumbolz apparently obtained a protection order against Altman that expired. That order is not at issue in this appeal.

the record and granted Altman's petition for modification of the protection order. Accordingly, an amended protection order was entered on July 10, 2001. The order extended the prior protection order until September 24, 2003 and contained the following pertinent provisions in addition to those previously established:

5. That [Rumbolz] shall not make any comments with any persons concerning any of the business relationships or business activities of Petitioner, LeRoy Douglas Altman. Such comments are not limited to, but include, the following: That if she notices somebody looking at [Altman's] automobiles, looking at his merchandise or his business, [Rumbolz] is prohibited from making any comments in any manner, shape or form to said person regarding [Altman's] business or automobiles;

6. That [Rumbolz] shall not be within 300 feet of Petitioner, LeRoy Douglas Altman, at any time or place. If [Rumbolz] is conducting legitimate business in any store or dining at a restaurant, [Rumbolz] does not need to leave such store or restaurant when [Altman] enters. However, if [Rumbolz] enters any store or restaurant where [Altman] is present, [Rumbolz] must not enter such store or restaurant or upon discovering [Altman's] presence, immediately leave;

7. This Order of Protection shall also apply to [Altman's] daughter, Jennifer Altman, and [Altman's] fiancée, Sue Friedman. All of the above conditions restricting contact with [Altman] also apply to contact with [Altman's] daughter and fiancée; and

8. Patrick W. Kiner, attorney for [Rumbolz], shall not participate in any further proceedings in this matter.

Rumbolz appeals.

## ISSUE ONE

[¶ 6.] **Did the trial court abuse its discretion in granting Altman's motion to modify the protection order against Rumbolz?**

[¶ 7.] This Court outlined the standards for reviewing decisions on motions to modify protection orders in *Sjomeling v. Stuber*, 2000 SD 103, ¶¶ 11–12, 615 N.W.2d 613, 616:

> [Protection] orders are a form of injunction.
>
>> Granting or denying an injunction rests in the sound discretion of the trial court. We will not disturb a ruling on injunctive relief unless we find an abuse of discretion. An abuse of discretion can simply be an error of law or it might denote a discretion exercised to an unjustified purpose, against reason and evidence.
>
> Generally, an injunction may be modified only on a showing of changed conditions. (citations omitted).

[¶ 8.] Rumbolz argues that the trial court abused its discretion in modifying the protection order previously entered against her because there was no showing of changed circumstances since the prior protection order proceedings. In that regard, Rumbolz specifically asserts there was no showing of any continued stalking or harassment after the prior proceedings.

[¶ 9.] The trial court made the following oral findings [2] relative to its modification of the protection order:

2. The trial court entered no written findings or conclusions other than a short line in its amended order that "[Rumbolz] has willfully, maliciously, and [repeatedly] followed or harassed [Altman]." It also entered no memorandum decision. This Court has clearly ex-

It doesn't make sense to this court that Ms. Rumbolz some time during October of 2000 should have been making contact with Ms. Cole about Mr. Altman's tax returns, and that's what I'm very clearly left with from the testimony that, despite the manner in which Ms. Cole testified, occurred.

It doesn't make sense to me, despite Ms. Rumbolz' testimony, that she really is in good faith pursuing the automobile business in a way that will cause her to be at the same auto auctions which she knows Mr. Altman would show up because she knows his business over the years, and it doesn't appear to me from the testimony and my own common sense that that's the type of business interest that she needs to pursue for her own private gain. I can't say she doesn't make some money but the testimony seems to indicate it was for some other reason she got herself involved with it.

There are certain things that can just occur in life but some of the meetings that these people continue to be involved with seem to be more than just chance, from the court's point of view.

■■■■ [¶ 10.] These findings are reviewed under the clearly erroneous standard. *See Marks*, 2001 SD 122 at ¶ 9, 635 N.W.2d at 280. They are supported by testimony and evidence in the record that, at about the time of the prior protection order proceedings, Rumbolz made contact with Bonnie Cole, a person against whom

Altman had a pending lawsuit, and offered to provide Cole with copies of Altman's tax returns. They are also supported by record testimony that Rumbolz had periodically forced encounters with Altman, Altman's daughter and his fiancée at stores, restaurants and other public locations in the Mitchell area. Finally, the findings are supported by record evidence and testimony concerning Rumbolz's attendance at some automobile auctions where she knew Altman would be. The findings themselves are sufficient to establish Rumbolz's continued stalking and harassment of Altman, his daughter and fiancée despite the prior protection order proceedings. These are sufficient changed circumstances to warrant modification and extension of the prior order. No abuse of discretion in the modification is shown.

ISSUE TWO

[¶ 11.] **Did the trial court abuse its discretion in denying Rumbolz's request for a protection order?**

[¶ 12.] Rumbolz argues that the trial court abused its discretion in denying her request for a protection order against Altman. Although her brief asserts that the hearing in this case considered her request and the hearing transcript makes brief references supporting this assertion, there are no pleadings whatsoever in the record concerning a request for a protection order by Rumbolz. Nevertheless, even assuming the issue was tried by the consent of the parties,[3] the record would reflect no

---

pressed its preference for formal written findings and conclusions in the present context. *See Marks v. Clark*, 2001 SD 122, ¶ 12, 635 N.W.2d 278, 281 (trial judge's expression of opinion extraneous to his decision constitutes no proper part of record on appeal). Nevertheless, despite similar expressions in other types of cases, this Court has reviewed oral findings and conclusions made on the record where they leave no doubt as to the basis of the court's decision. *See e.g. State v. Hartley*, 326 N.W.2d 226, 228

(S.D.1982)(whether findings and conclusions are formally entered or orally made on the record, they must be such that there is no room for speculation and conjecture concerning what the trial court found or concluded).

3. *See* SDCL 15–6–15(b)(issues not raised by the pleadings but tried by express or implied consent of the parties are treated in all respects as if they were raised in the pleadings).

abuse of discretion in the denial of Rumbolz's request.

 [¶ 13.] Upon review of a matter tried to the court, the evidence and inferences therefrom must be viewed in a light most favorable to the trial court's determination with due regard for its authority to determine the credibility of witnesses, the weight to be accorded their testimony and the weight of the evidence. *See Gross v. Connecticut Mut. Life Ins. Co.*, 361 N.W.2d 259, 273 (S.D.1985). If there is competent and substantial evidence to support the trial court's decision, it must be upheld. *Id.* Rumbolz's argument merely sets forth the evidence and testimony supportive of her request for a protection order with no regard to the evidence and testimony supportive of Altman's request. This violates the principles cited above and yields no basis for finding an abuse of discretion in the denial of Rumbolz's request.

## ISSUE THREE

[¶ 14.] **Did the trial court err in ordering attorney Kiner not to participate further in this case?**

[¶ 15.] As her last issue, Rumbolz contends that the trial court erred in entering the provision of it's amended protection order prohibiting attorney Kiner from further participation in this case. Rumbolz argues that part of the trial court's order violates state constitutional guarantees of due process and equal protection of the law and the open courts provision.

 [¶ 16.] Authorities support a trial court's ability to order a party's attorney to withdraw from a case in the face of a conflict of interest or some other ethical problem with the attorney's continued representation. *See e.g. People v. Reed*, 298 Ill.App.3d 285, 232 Ill.Dec. 529, 698 N.E.2d 620, 627–628 (1998); *Dieck v. A.B. Volvo Penta, Sweden*, 577 So.2d 297, 298–299 (La.Ct.App.1991). These same authorities

suggest, however, that absent any apparent conflict or impropriety, an evidentiary hearing on allegations in this regard, with the burden of proof on the protesting party, is the preferred manner of proceeding. *See id.* No such procedures were followed here. There was no notice prior to the hearing on modification of the protection order that Kiner's continued representation of Rumbolz would be at issue. During the course of the hearing itself, Altman simply raised vague allegations that Kiner was somehow using his position as a part-time magistrate to influence the nonappearance of some of Altman's witnesses. Altman made no showing in this regard and offered no evidentiary support whatsoever for his contentions. Kiner denied the allegations or knowing the witnesses in question and the trial court entered the following oral findings supportive of his actions:

> I don't, first of all, find [Kiner's] done anything wrong whatsoever; as a matter of fact, you made accusations against him that appear to obviously not have been true, and they are a personal attack on him that allege, in essence, an abuse of his position and there's been absolutely no basis to that, that I have seen, and such an attack is an attack on the integrity of our court system and you haven't proven it.... [T]here's no showing that anything wrong has been done[.]

[¶ 17.] Notwithstanding these findings, the trial court prohibited Kiner from further participation in this case, stating:

> I am going to order in this particular case because of the peculiar circumstances of Pat Kiner being an attorney and a magistrate judge, and ... because the appearance of propriety is more important even than whether somebody really has done something wrong or not, ... in any further proceedings in this case I'm going to not allow Mr. Kiner to

participate and that's just because the integrity of this whole process is best served in that fashion. I don't know of any objection that was ever made until we got here today for the hearing that I thought was, you know, would go to that issue.

[¶ 18.] While we share the trial court's concern with the appearance of impropriety, we find no such appearance here where the practice of law by a part-time magistrate is expressly permitted by law (*see* SDCL 16–12A–28 & 28.1) and where there has been no showing of any conflict of interest or other impropriety in the magistrate's conduct as an attorney. Accordingly, that portion of the protection order prohibiting Kiner from further participation in this case must be reversed.

[¶ 19.] Affirmed in part and reversed in part.

[¶ 20.] GILBERTSON, Chief Justice, and SABERS, AMUNDSON and KONENKAMP, Justices, and GORS, Acting Justice, participating.

[¶ 21.] ZINTER, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.