BONIN, J.,
Dissents With Reasons.
hi respectfully dissent. Any inquiry into police discipline should always remain grounded in the sound American concept and practice that police departments are civilian, not military, organizations. A New Orleans police officer is a civilian.[1] *767 She is, therefore, in Louisiana constitutionally protected by the civil service laws.
Her admitted infraction was that she did not sign a so-called “beat roll book” immediately upon completion of her shift on December 15, 2006 despite the routine verbal instruction of her supervisor. The supposed importance of signing the book is to facilitate accountability and for payroll purposes. It is not the payroll record. As for accountability, there is no question that she discharged her duties as a patrol officer the entirety of her shift.
Our opinion today in effect withholds the pay she earned for her public service that day.[2]
A protection that the civil service laws confer upon her is that any discipline directed toward her is for “good cause”. In order to help insure that discipline is not meted out arbitrarily, by a mean spirited supervisor, or for some other ^prohibited purpose, the appointing authority cannot rest on merely proving that the infraction occurred. In an organization like a police department, the number of rules and regulations which one might violate are legion. If the police appointing authority only had to establish the infraction of a rule in order to mete out discipline, no subordinate could ever be safe from the arbitrary and selective application of the rules.
To safeguard against just such a situation and to afford protection to public employees in the classified civil service, our law requires that the appointing authority meet an additional burden:
The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity occurred, and that such activity bore a real and substantial relationship to the efficient operation of the public service.
Cornelius v. Department of Police, 07-1257, p. 6 (La.App. 4 Cir.2008), 981 So.2d 720, 724, emphasis supplied. In days gone by, the burden of proof had been on the civil servant to prove that his action was not “prejudicial to the service.” Marchese v. New Orleans Police Department, 226 La. 982, 77 So.2d 742 (La.1955); Jais v. Department of Finance of City of Nero Orleans, 228 La. 399, 82 So.2d 689 (La. 1955).
The Louisiana Supreme Court in Walters v. Department of Police, 454 So.2d 106, 113 summarized the jurisprudential precepts which it had formulated to guide the New Orleans Civil Service Commission and this court:
“Cause for the dismissal of a person who has gained permanent status in the classified civil service has been interpreted to include conduct prejudicial to the public service in which the employee in question is engaged or detrimental to its efficient operation, [citations omitted] The Commission has a duty to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment is commensurate with the dereliction. [citation omitted] A previewing court should not reverse a commission conclusion as to the existence or absence of cause for dismissal unless the decision is arbitrary, capricious or an abuse of the commission’s discretion. [citation omitted] On the other hand, the judicial function is not so limited with respect to the commission’s decisions as to jurisdiction, procedure, and interpretation of laws and regulations, [citation omitted]”
(emphasis added)
*768 Because Ms. Adams admitted the infraction, the only issue left for the appointing authority to prove by a preponderance of the evidence was that her infraction impaired the efficiency of the public service in which she was engaged. Fihlman v. New Orleans Police Department, 00-2360, p. 4 (La.App. 4 Cir. 10/31/01), 797 So.2d 783, 786. In this case, as in Fihlman “the appointing authority simply failed to offer any evidence concerning how [the officer’s] actions impaired the efficient operation of the public service.” Id. at p. 9, at 789.
The only witnesses on behalf of the appointing authority were Sgt. Monaco, her supervisor, and Sgt. Andry, the investigator. In the supervisor’s opinion, the only impairment of the efficient operation of the public service was the fact of the infraction itself. The investigator could not articulate specifically how Ms. Adams’ conduct had impaired the efficient operation of the police department. In light of this unpersuasive and insubstantial testimony coupled with the established rule of law about the requirements for “cause” in disciplining civil servants in the classified service, I am perplexed that the decision of the Civil Service Commission never once addressed the sole material issue in the case.
The Louisiana Constitution of 1974, Article X, § 8(A) interposes the Civil Service Commission as the agency for protection of public employees by enforcing the laws which are designed to eliminate the abuses occasioned by those controlling public employment and to establish “a system based on merit and achievement.” Smith v. New Orleans Police Department, 00-1486, p. 8 (La.App. 4 Cir. 4/11/01), 784 So.2d 806, 810. The Commission has the primary constitutional | ^responsibility for insuring that the disciplinary actions taken by public employers are only taken with legal cause.
In my view, in this case the Civil Service Commission did not perform its constitutional duty “to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action”. Walters, 454 So.2d at 113, emphasis added.[3] On that account I would reverse the decision suspending Ms. Adams for one day.
I therefore respectfully dissent.

. Cf. Stevens v. Department of Police, 00-1682, p. 8 (La.App. 4 Cir. 5/9/01), 789 So.2d 622, 627, which urges a contrary focus: "Indeed, the Commission should give heightened regard to appointing authorities that serve as special guardians of the public’s safety and *767 operate as quasi-military institutions where strict discipline is imperative.”

. The penalty is a one day suspension without pay. This is a substantial imposition.

. There can, of course, be occasions when the disobedience to a verbal command of a superior officer might be so obvious that little or no further proof of impairment to the efficient service would be required. I am thinking of a situation when police officers are performing their public safety role in an emergency and an officer refuses to follow an immediate order such as pursuing a suspect.